**Russell E. McINTIRE et al., Plaintiffs,**

**v.**

**Robert DAVIS et al., Defendants.**

**Civ. A. No. 5929.**

United States District Court
S. D. Ohio, W. D.

Nov. 4, 1965.

Walter C. Beall and Walter Bortz, Cincinnati, Ohio, for plaintiffs.

Eugene Droder, Cincinnati, Ohio, for defendants.

Donald L. Weber, Cincinnati, Ohio, for applicant, The Cincinnati Ins. Co.

JOHN W. PECK, District Judge.

This is an action for personal injuries arising out of an automobile accident in Cincinnati, Ohio. Jurisdiction is founded upon diversity of citizenship, plaintiffs being citizens of Kentucky and defendants of this district, and the amount in controversy.

The cause is presently before the Court upon the motion of the Cincinnati Insurance Company (hereinafter called "applicant"), the insurance carrier on plaintiff's automobile, to be made a party plaintiff. No opposition to the motion was voiced by defendants at the time of oral argument, but plaintiff is resisting it.

The record indicates that plaintiff's auto was damaged in the amount of $1357.50, of which amount applicant paid $1257.50 pursuant to its contract of insurance. Applicant professes to be subrogated to the claim of its insured in this amount by reason of an assignment. Applicant filed a suit against defendants herein in the Municipal Court of Cincinnati, Ohio, for the amount of its claim, but said suit was dismissed. The reason for said dismissal is not properly indicated by the record and is not before the Court. Applicant subsequently filed the instant motion.

█ It was held in Rush v. City of Maple Heights, 167 Ohio St. 221, 147 N.E.2d 599 (1958), that where both personal injuries and property damage are suffered as the result of the same wrongful act, a single cause of action arises and the different injuries are merely separate items of damage from the act. Thus, two separate actions could not be maintained for the personal injuries and property damages suffered in the case at bar.

An exception to the above arises, however, in a situation where an insurance carrier pays its insured for property damages sustained, either wholly or in part, and becomes subrogated to the rights of its insured. It has been held in Hoosier Cas. Co. v. Davis, 172 Ohio St. 5, 173 N.E.2d 349 (1961), that in such an instance the insurance carrier may prosecute an action in its own name. It therefore appears that partial payment of the insured's property damages pursuant to a prior contract of insurance gives rise to a separate right of action in the applicant which it must pursue in its own name as the real party in interest.

█ In spite of the liberality with which permissive joinder of parties is to be permitted pursuant to Rule 20, Federal Rules of Civil Procedure, the requirements for federal jurisdiction are serious limitations upon permissive joinder. (3 Moore's Federal Practice, section 20.05, p. 2720 (1964). If jurisdiction is predicated upon diversity, as here, all the plaintiffs must be able to sue all the defendants. (3 Moore's Federal Practice, section 20.07, p. 2725 (1964)). Applicant must therefore be able to establish both the jurisdictional amount and complete diversity of citizenship.

█ The record before us establishes that applicant is licensed to do business in the state of Ohio, so it must be considered a citizen of that state. As noted above, defendants are also residents of Ohio. The amount claimed by applicant is well below the amount required for federal jurisdiction. It is therefore determined that the motion to intervene as a party plaintiff must be denied. In accordance with the foregoing,

It is ordered that the motion of the Cincinnati Insurance Company to be made a new party plaintiff herein should be and it hereby is denied and overruled.