**Homer Ray BROWN, Appellant,**

v.

**TOWN OF CALIENTE, NEVADA and County of Lincoln, Nevada, Appellees.**

**No. 21613.**

United States Court of Appeals
Ninth Circuit.

April 1, 1968.

Rex A. Jemison (argued), of Singleton, De Lanoy & Jemison, Las Vegas, Nev., for appellant.

James L. Wadsworth (argued), Dist. Atty., Lincoln County, Pioche, Nev., for appellee.

Before BARNES, HAMLIN and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is an appeal from an order dismissing an action for damages brought under Title 42 U.S.C. Section 1983, R.S. Section 1979, (based on the Act of April 20, 1871, c. 22, Sec. 1, 17 Stat. 13), alleging a violation of Brown's civil rights.

Brown, then incarcerated in a California State prison, was allowed to proceed in forma pauperis, and an attorney was appointed for him. His complaint, filed May 26, 1966, alleged an unlawful arrest on July 19, 1959, followed by unlawful search and seizure and confessions coerced by law enforcement officers.

An order was made that two defendants, Town of Caliente, Nevada, (hereafter Caliente), and County of Lincoln, Nevada, (hereafter Lincoln), be served by

---

the Marshal. No other defendants were served.

Caliente and Lincoln appeared and moved to dismiss the complaint on the ground it failed to state a cause of action. On the motion, they urged:

1. Failure to state a claim on the ground that Caliente and Lincoln, as political subdivisions of the state, were not defendants against whom relief could be granted; and

2. The claim was barred by the Nevada statute of limitations. Supporting material, by affidavit, showed that more than four years had elapsed between the time Brown was first released on parole and the date of commencement of the action on May 26, 1966. The trial court granted the motion on both grounds.

### Failure to state a claim as to a Municipal Corporation

Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), involving the same statute on which Brown relies, disposes of the case. Brown's theory is that originally, under Nevada law, there was statutory immunity for municipalities, but that by Nevada Revised Statute 41.031, enacted in 1965, sovereign immunity was waived by the state of Nevada. It appears also that the doctrine of sovereign immunity was abolished as to counties in the maintenance of highways, by the Nevada Supreme Court in 1963, in Rice v. Clark County, 79 Nev. 253, 382 P.2d 605 (1963).

It is further Brown's contention that Monroe v. Pape, supra, and other cases announcing the rule of immunity of political subdivisions from suit under the Civil Rights Act, were based on the theory that political subdivisions had sovereign immunity; and since sovereign immunity has been abolished in Nevada, the bar to such an action has been removed. Brown does not contend "that any new cause of action was created by the waiver of sovereign immunity * * *" but "that the waiver of sovereign immunity may remove the bar to action which otherwise existed."

It is also Brown's contention that he "does not seek to 'tack' a series of imprisonments to remove the bar of the statute of limitations * * *" but "that the action did not 'accrue' until such time as sovereign immunity was waived and the statute of limitations does not run from the time a case factually arises but rather from the time the cause of action accrues."

In Monroe v. Pape, supra, the Supreme Court held that a complaint charging a violation of civil rights was properly dismissed against the city of Chicago on the basis that a municipality was not a person within the meaning of Title 42 U.S.C. Section 1983.

Brown places reliance on an earlier statute of February 25, 1871, 16 Stat. 431, Section 2, which provided that "the word 'person' may extend and be applied to bodies politic and corporate." However, this same contention was made in Monroe v. Pape, supra, where the court was considering the subsequent statute, the Act of April 20, 1871, c. 22, R.S. Sec. 1979; 42 U.S.C. 1983, and the opinion stated at 365 U.S. p. 191, 81 S.Ct. p. 486, "The response of Congress to the proposal to make municipalities liable for certain actions being brought within federal purview by the Act of April 20, 1871, was so antagonistic that we cannot believe that the word 'person' was used in this particular Act to include them."

The Ninth Circuit has followed Monroe v. Pape, supra, in Loux v. Rhay, 375 F.2d 55, 58 (1962), and in Sires v. Cole, 320 F.2d 877 (1963); Harvey v. Sadler, 331 F.2d 387, 390 (1964); Williford v. People of State of California, 352 F.2d 474, 476 (1965).

Other circuits have likewise followed it. Wallach v. City of Pagedale, 359 F.2d 57, 59 (8 Cir. 1966); United States ex rel. Lee v. People of State of Illinois, 343 F.2d 120 (7 Cir. 1965); Garrison v. County of Bernalillo, 338 F.2d 1002 (10 Cir. 1964); Spampinato v. City of New York, 311 F.2d 439 (2 Cir. 1962), cert. den. 372 U.S. 980, 83 S.Ct. 1115, 10 L. Ed.2d 144.

The Supreme Court having considered the Civil Rights Act, and having held municipalities were not liable under it, we cannot see how any action by the state of Nevada, either by its courts or by the Legislature, in Nevada Revised Stat. 41.031 et seq., by abolishing sovereign immunity in Nevada, can bring about a different reading or different result to Monroe v. Pape, supra. We conclude that Caliente and Lincoln, the appellees, were not liable to Brown under the Civil Rights Act, and that the complaint failed to state a cause of action and that the action was properly dismissed.

Since our disposition of the first contention disposes of the case, it is not necessary to pass upon the alternate ground for granting the motion to dismiss, namely the running of the statute of limitations.

The judgment is affirmed.