Eugene H. LAWES
v.
Frederick W. NUTTER.
No. 67-H-747.

United States District Court
S. D. Texas,
Houston Division.
Nov. 15, 1968.

Frank Abraham, Brown, Kronzer, Abraham, Watkins & Steeley, Houston, Tex., for plaintiff.

Jerry V. Walker, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SINGLETON, District Judge.

This is an action brought under the Texas Wrongful Death Act, Tex.Civ. Stat.Ann. art. 4671 (1952). Jurisdiction is invoked on the basis of diversity of citizenship. Plaintiff, Eugene H. Lawes, who is administrator of the estate of the deceased, Billie Frances Hendricks Cantrell, brings this suit by and for the use and benefit of Dyon Cantrel and Donna R. Jackson, who are respectively the surviving husband and daughter of the deceased.

A motion for joinder of parties is now before the Court. Dyon Cantrell, husband of the deceased, is seeking to join as plaintiff his own cause of action for personal injuries arising out of the same accident that claimed the life of his wife. Dyon Cantrell and the defendant Frederick W. Nutter, are both citizens of the State of Texas. Therefore, with respect to these two parties no independent basis for federal jurisdiction lies since there is no diversity and no federal question is alleged. Defendant Nutter objects to Cantrell's joinder on such basis and on the additional basis that this is not a proper case for the exercise of pendent jurisdiction.

It is well settled that unless the doctrine of pendent jurisdiction is applicable, each plaintiff must have an independent basis for federal jurisdiction (i. e. federal question or diversity of citizenship) for each claim against each defendant, due to the fact that, if the

jurisdictional requirements are found lacking, the non-federal claim must be dismissed. As was stated in McIntire v. Davis, 246 F.Supp. 872 (S.D.Ohio 1965):

> "In spite of the liberality with which permissive joinder of parties is to be permitted pursuant to Rule 20, Federal Rules of Civil Procedure, the requirements for federal jurisdiction are serious limitations upon permissive joinder. (3 Moore's Federal Practice, section 20.05, p. 2720 (1964)). If jurisdiction is predicated upon diversity, as here, all the plaintiffs must be able to sue all the defendants. (3 Moore's Federal Practice, section 20.07, p. 2725 (1964)). Applicant must therefore be able to establish both the jurisdictional amount and complete diversity of citizenship."

Cantrell asserts that this is a proper case for the application of the doctrine of pendent jurisdiction. He admits that this Court does not have original jurisdiction over his claim; however, since the claim of the deceased wife's administrator is properly before the Court, he argues that this Court has the power to hear his non-federal claim under the pendent jurisdiction doctrine. He urges the Court to exercise its discretion in favor of his claim in order to promote convenience of parties and witnesses and avoid needless duplication of effort by the state and federal courts.

The United States Supreme Court first enunciated the concept of pendent jurisdiction in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). In that case, plaintiff sought an injunction for infringement of a copyrighted play which was permitted by the copyright laws of the United States. He also asserted a common law claim for damages for unfair competition against the same defendant. Plaintiff and defendant were citizens of the same state. The court held that where there is only one cause of action with jurisdiction being based upon a federal question, and several grounds for relief are sought (some of these grounds being non-federal in nature), the Court has the power to adjudicate the entire cause of action which includes both the federal and non-federal issues.

The *Hurn* doctrine was further explained in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) as follows:

> "Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority * * *' U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. * * * The state and federal claims must derive from a common nucleus of operative fact. But, if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

> "That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188] * * *."

■ At least one of the requirements for the application of this doctrine is the existence of a substantial federal question claim before the Federal Court may exercise pendent jurisdiction over non-federal claims of the same plaintiff against the same defendant.

Of particular significance to this Court is the discussion and holding of the United States District Court for the Eastern District of Pennsylvania in 1968 in the case of Olivieri v. Adams, 280 F.Supp. 428 (E.D.Pa.1968). The motions considered in that case arose out of three separate personal injury suits instituted against Pennsylvania defendants on behalf of Pennsylvania minors. In each of the cases a foreign guardian had been appointed for the minor, thereby creating the requisite diversity of citizenship. The motions involved were on behalf of the minors' parents who were also citizens and residents of Pennsylvania, whereby they sought to join as plaintiffs in these suits and to assert claims for the damages sustained by them as a result of the minors' injuries. As pointed out by that Court, under Pennsylvania law personal injuries to a minor gives rise to two separate and distinct causes of action, one the parents' claim for medical expenses and loss of the minor's services during minority, and the other the minor's claim for pain and suffering and for losses after minority. The Court further pointed out that in Pennsylvania numerous recent attempts had been made by parents to join their claims in personal injury suits instituted by foreign guardians for their minor children. In these cases, conflicting views had been set forth by several of the United States District Judges which prompted the Chief Judge of that district to appoint a panel of three judges to hear arguments on these pending motions. The panel's ruling was to establish uniformity of action within the district pending a definitive ruling by the Third Circuit Court of Appeals. As pointed out in that case, the principal question presented by these motions was whether that court had jurisdiction over the claims of the parents and the subsidiary question of whether the Court should exercise its discretion to entertain the claims if it had the jurisdiction to do so.

■ The three judge court in *Olivieri* reasoned and held as follows:

"*Hurn* and *Gibbs,* as well as their forebears and their progeny all require a substantial federal question claim as the basis for the federal court's jurisdiction over a case before the federal court may exercise pendent jurisdiction over non-federal claims of the same plaintiff against the same defendant. The reason for the requirement appears clear enough. Federal questions are for the federal courts to decide. Assuming the existence of such a federal question, in order to avoid piece-meal litigation and to promote convenience and judicial economy, the doctrine of pendent jurisdiction permits (not requires) the federal courts to decide not only the federal question claims but also to adjudicate the state law claims in the same 'cause of action' (Hurn) or 'case' (Gibbs).

"The reason underlying the doctrine, the special competence of the federal courts to decide federal questions, simply does not exist in diversity cases in which, under Erie R. R. Co. v. Tompkins, federal courts are required to apply state law. The cases before us, of course, involve no federal question claims, they present only state law claims.

\*     \*     \*     \*     \*     \*

" \* \* \* we hold that, in a suit on behalf of a minor wherein our jurisdiction is based on the foreign citizenship of the minor's *guardian,* we do not have pendent jurisdiction over the claim of the minor's *parent* whose citizenship is not diverse from that of the defendant."

■ This Court adopts the reasoning of the above quoted holding of that three judge court, and, therefore, this Court holds that in cases such as this, it does not have pendent jurisdiction of claims such as that asserted by Cantrell. Defendant Nutter's objections to the joinder are sustained.

The Clerk will file this Memorandum and Order and send copies of same to counsel of record.