

 Clifford Sweet, of the Legal Aid Society of Alameda County, Oakland, Cal., and Joseph Simmons, of Simmons & Noel, Oakland, Cal., for plaintiffs.

Mark B. Shragge, Deputy City Atty., Edward A. Goggin, Oakland, Cal., for defendant.

### ORDER DISMISSING ACTION AS TO DEFENDANT CITY OF OAKLAND

**Marsha WILCHER et al., Plaintiffs,**

v.

**Charles R. GAIN et al., Defendants.**

**No. 51825.**

United States District Court,
N. D. California.

March 12, 1970.

WOLLENBERG, District Judge.

This is an action, brought under 42 U.S.C. § 1983, which seeks redress for alleged brutalities committed by members of the Oakland Police Force against members of the black community on or about July 28, 1968.

Defendants have laid two motions before this Court. The first argued that certain of the plaintiffs were barred by the one-year limitations period of Cali-

fornia Govt.Code § 945.6. Recent decisions by the Ninth Circuit Court of Appeals, however, have applied a three-year limitations period for actions founded upon the civil rights statutes. Smith v. Cremins, 308 F.2d 187, 98 A.L.R.2d 1154 (1962); Willis v. Reddin, 418 F.2d 702 (1969). Defendants' motion based upon the applicable limitations period has accordingly been withdrawn.

Defendants next move that the action be dismissed as to the City of Oakland. They cite Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) to the effect that only "persons" may be sued under the Civil Rights Act. 42 U.S.C. § 1983 (R.S. § 1979). The decision in Monroe is clear, at least as to the question of municipal liability. The Supreme Court, divided on many of the aspects of the case, was unanimous that "[t]he response of Congress to the proposal to make municipalities liable for certain actions * * * was so antagonistic that we cannot believe that the word "person" was used in this particular Act to include them". Id. at 191, 81 S.Ct. at 486.

Plaintiffs, in a well articulated memorandum, advance several arguments for distinguishing Monroe in cases arising where, as in California, the individual State has waived its immunity to suit and allowed municipal liability for torts committed by city employees. Plaintiffs cite, as added support to their argument, 42 U.S.C. § 1988, which in a convoluted way indicates that the federal courts, in enforcing the Civil Rights Acts, may use "that combinaton of federal law, common law, and state law as will be best 'adapted to the object' of the civil rights laws". Lefton v. City of Hattiesburg, Mississippi, 5 Cir., 333 F.2d 280, 284 (1964). It is urged that since California has provided for municipal liability in tort actions, this state remedy ought to be recognized as available to plaintiffs in the federal court action herein.

The import of 42 U.S.C. § 1988 is entirely unclear. One early court termed the section "a mere jumble * * * of incongruous and irreconcilable regulations". Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648 (1880). Other courts have interpreted § 1988 most liberally to make available to plaintiffs in civil rights cases any state law provision, substantive or procedural, necessary to make the federal right invoked fully effective. Brazier v. Cherry, 5 Cir., 293 F.2d 401 (1961); Pritchard v. Smith, 8 Cir., 289 F.2d 153, 88 A.L.R.2d 1146 (1961). However, in no case brought to this Court's attention has a state law remedy been allowed a plaintiff under § 1981 et seq. when that state law remedy was inconsistent with the remedial scheme established by the federal statute. For example, Brazier and Pritchard, cit. supra, allowed the application of state law remedies in situations where the federal law had been silent about the availability or non-availability of such remedies in a civil rights context. This is not the instant case. Monroe v. Pape, cit. supra has determined that it was the intent of Congress to exclude municipal liability from the operation of the Acts here in question. That the rationale in Monroe extends even to states which have provided for municipal liability has been decided by the Court of Appeals for this circuit. Brown v. Town of Caliente, 9 Cir., 392 F.2d 546 (1968); Diamond v. Pitchess, 9 Cir., 411 F.2d 565 (1969). This Court cannot see how it can avoid the import of these decisions by higher courts. It is federal law that municipalities may not be sued under the Civil Rights Act. To allow such actions because California provides for municipal liability in its own courts would conflict with what the Supreme Court and the Court of Appeals for this circuit have clearly said was the remedial scheme intended by Congress. 42 U.S.C. § 1988, broad as it may be, forbids our thus borrowing a state remedy "inconsistent with the * * * laws of the United States, * * *". Ibid.

Accordingly, the instant action is ordered dismissed as to defendant City of Oakland.