Arthur **JONES** and Charles Garden

v.

**CITY OF HOUMA et al.**

**Civ. A. No. 70–719.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

March 17, 1972.

W. William Hodes, Smith & Scheuermann, New Orleans, La., for plaintiffs.

Edward J. Gaidry, Asst. City Atty., and Philip J. McMahon, Borowski, Lofaso, McMahon & McCollam, Houma, La., for defendant, City of Houma.

Keith M. Whipple, Himel & Whipple, Houma, La., for defendants, Wilson Joseph Thibodaux, Jr. and Lt. Robert Bergeron.

JACK M. GORDON, District Judge:

This matter comes before this Court on a Motion to Dismiss under Rule 12, or in the alternative for summary judgment under Rule 56 of the Federal Rules of Civil Procedure filed by the City of Houma.

The complaint alleges that Ellis Eugene Jones was deliberately beaten by Wilson Thibodaux, Jr. and Robert Bergeron, two policemen employed by the City of Houma, Louisiana, during his incarceration in the Houma jail. The day following, Jones died from injuries sustained during the beating.

The plaintiffs, Arthur Jones and Charles Garden, are the sole heirs of the deceased, Ellis Eugene Jones. They are seeking monetary damages against the City of Houma and the two policemen, Thibodaux and Bergeron. Their cause of action is based on the federal Civil Rights Act, 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988, and jurisdiction is invoked under 28 U.S.C. § 1343(3). The plaintiffs have also invoked the pendent jurisdiction of this Court over state law tort claims arising out of the incident. The state claims are based on Article 2315 of the Louisiana Civil Code [1] and are against all defendants.

The defendant City of Houma, by means of the instant motion, argues that as a matter of law it should be granted either a motion to dismiss or a motion for summary judgment. It submits that a municipality cannot be a defendant in a civil rights action seeking monetary damages. The United States Supreme Court in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) resolved the issue by holding that a municipality is not a "person" under 42 U.S.C. § 1983 and cannot be held liable for money damages. The doctrine of Monroe v. Pape, *supra*, is still viable and has been followed by many lower

---

1. Article 2315 of the Louisiana Civil Code is the general tort Article of the Louisiana Civil Code. It states:

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

"The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.

"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

"As used in this article, the words 'child', 'brother', 'sister', 'father', and 'mother' include a child, brother, sister, father, and mother, by adoption, respectively."

courts. Patrum v. City of Greensburg, Kentucky, 419 F.2d 1300 (6th Cir. 1969); Dodd v. Spokane County, Washington, 393 F.2d 330 (9th Cir. 1968); Wilcher v. Gain, 311 F.Supp. 754 (N.D. Cal.1970). Thus, this Court is bound to conclude that it does not have federal jurisdiction over the City of Houma.

The plaintiffs argue that even if they have no federal claim against the City of Houma, the tort claim against the City arising under state law should be retained through exercise of this Court's pendent jurisdiction. The Court cannot agree with the plaintiffs' contention in this regard.

In contending that this Court can exercise pendent jurisdiction over their non-federal claim against the City of Houma, plaintiffs ignore a basic requirement for pendent jurisdiction; namely, the existence of a federal question between the *same parties*. Professor Wright has succinctly stated this requirement as follows:

> " 'Pendent jurisdiction,' as the term has been used in this section, refers only to the joinder of state and federal claims, though this concept is not unrelated to the doctrine of ancillary jurisdiction applicable in diversity litigation. The pendent jurisdiction concept applies only where the same parties are involved on the state and federal claims. It does not permit bringing in an additional party to respond to a state claim on the ground that that claim is closely related to the federal claim against an existing party." C. Wright, Law of Federal Courts 65 (2d ed. 1970).

This proposition has also been stated in Lawes v. Nutter, 292 F.Supp. 890 (S.D. Tex.1968), where the court stated:

> "At least one of the requirements for the application of this doctrine [pendent jurisdiction] is the existence of a substantial federal question claim before the Federal Court may exercise pendent jurisdiction over non-federal claims of the *same plaintiff* against

the *same defendant*." 292 F.Supp. at 891 (Emphasis supplied).

Thus, before a plaintiff can assert pendent jurisdiction over a defendant there must be a basis for federal jurisdiction as to that defendant. Here there is no such federal claim against the City of Houma; as to that defendant there is presented only state law claims. If this Court does not have some federal jurisdiction over the City, then it cannot exercise pendent jurisdiction over that defendant. See, Williams v. United States, 405 F.2d 951 (9th Cir. 1969); Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), cert. denied, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965); Winterhalter v. Three Rivers Motors Company, 312 F.Supp. 962 (W.D.Pa.1970); Lawes v. Nutter, 292 F. Supp. 890 (S.D.Tex.1968); National Cold Storage Co. v. Port of New York Authority, 286 F.Supp. 1016 (S.D.N.Y. 1968); Olivieri v. Adams, 280 F.Supp. 428 (E.D.Pa.1968).

For the foregoing reasons, it is the order of the court that the motion of the defendant, City of Houma, for summary judgment is granted.