Annie Delosie **UNDERWOOD**, individually and as Guardian and next friend of her son, James Lee Underwood, a minor, **Plaintiffs**,

v.

**CITY OF PENSACOLA, FLORIDA,
Defendant.**

**PCA No. 2453.**

United States District Court,
N. D. Florida,
Pensacola Division.
April 24, 1972.

Paul Shimek, Jr., Pensacola, Fla., for plaintiffs.

Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for defendant.

## MEMORANDUM OPINION

ARNOW, Chief Judge.

Here Plaintiffs sue a municipal corporation. They allege actions by police officers of the Defendant to be in violation of their constitutional and civil rights, and seek damages and injunctive relief under 42 U.S.C. § 1983 in conjunction with 42 U.S.C. § 1988. There is no individual as defendant; the suit is brought against the municipal corporation as the only defendant. Defendant filed motion to dismiss the complaint, contending that, under Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), these statutes apply to individuals and not to political subdivisions or other agencies of a state.

It is clear Monroe has decided, on its construction of the statute, and the congressional intent respecting it, that a municipal corporation is not a person within the meaning of the statute in a suit for damages in a respondeat superior situation such as that here presented.

Plaintiffs, recognizing that, point out Florida law permits suit for such damages and contend that, under 42 U.S.C. § 1988, this suit for damages is allowed.

While no case has been cited, or found by this Court, in which Court of Appeals for the Fifth Circuit has expressly ruled on this contention, it seems clear it does hold that under Monroe, a municipality in the situation here presented is not liable in damages. Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970). In other decisions this contention of Plaintiffs has been rejected. Wilcher v. Gain, 311 F.Supp. 754 (N.D.Cal.1970); Brown v. Town of Caliente, Nevada, 392 F.2d 546 (9th Cir. 1968). With those decisions, and their reasoning, this Court agrees. Monroe decided it was not the intent of Congress to establish, under Sec. 1983, liability of a municipal corporation for respondeat superior damages.[1] That being so, Sec. 1988 may not be used as a crutch to establish such liability, even though Florida law permits such recovery.

It would appear to this Court Monroe established as law a municipal corporation is not a person within Sec. 1983, so that neither legal nor equitable relief might be obtained, under the statute, against one. But Harkless, binding on this Court, holds a school district is included within the meaning of "person" in Sec. 1983 for injunctive relief. And, under its rationale, there should be no distinction respecting that holding between a school district and a municipal corporation.

This Court therefore concludes Plaintiffs may not recover the damages here sought against the Defendant. Constrained by Harkless, however, it also concludes the Plaintiffs may seek injunctive relief against the Defendant, so that the motion to dismiss should be denied.

Order will be entered in accordance with the foregoing.

---

1. In articulate memorandum Plaintiffs vigorously contend the Supreme Court was wrong in so construing the congressional intent. Whatever the merit, if any, of that contention, it is not properly addressed to this Court.