**William PAYNE and Betty Payne, Plaintiffs,**

**v.**

**Ted MERTENS et al., Defendants.'**

**No. C–71–340.**

United States District Court, N. D. California.

May 15, 1972.

Charles O. Morgan, Jr., San Francisco, Cal., for plaintiffs.

Russ, Benson & McConnell, San Francisco, Cal., for defendants Ted Mertens and Joe Spencer.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

### MEMORANDUM

RENFREW, District Judge.

The dispute in the present case stems from a search of plaintiffs' residence in February, 1970, by defendants Mertens, Spencer, and other unnamed police officers employed by the City of Palo Alto. Plaintiffs contend that this search was conducted in such a manner as to violate their right to be free from unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and by Article I, section 19 of the Constitution of the State of California. Both the individual police officers who conducted the search and their employer, the City of Palo Alto, are named as defendants in this action for damages. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331. The matter is now before the Court on defendants' motion to dismiss the complaint as to all defendants for failure to state a claim upon which relief can be granted.

Defendants' contentions as to the validity of the claim against the individual police officers under 42 U.S.C. § 1983 can be disposed of easily. Their argument appears to rest on the premise

that an action against the individual defendants in their "official capacity" is tantamount to a suit against their principal, the City of Palo Alto. Therefore, as the City of Palo Alto is not a proper party defendant in an action for damages under 42 U.S.C. § 1983, no action lies against these officers in their capacity as representatives of the municipality. Defendants' position on this issue is clearly incorrect. The principal case cited by defendants in their motion to dismiss as to the City of Palo Alto (Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)) involved the liability of police officers for acts conducted "under color of law" in a comparable situation to that involved in the present case. Defendants have failed to present any authority from this Circuit or any other which would support their position. Indeed, it is clear that in this Circuit police officers acting under color of law may be held liable in actions under the Civil Rights Act. Cohen v. Norris, 300 F.2d 24 (9 Cir. 1962). Defendants' motion to dismiss the complaint as to the individual defendants is denied.

The second question presented by this motion to dismiss involves the propriety of the Federal claims against the City of Palo Alto.[1] Defendants rely primarily upon the opinion of the United States Supreme Court in Monroe v. Pape, supra, for the proposition that an action for money damages will not lie against a municipality under 42 U.S.C. § 1983. The rationale of the Monroe opinion is that a municipality is not a "person" within the meaning of that term as used in 42 U.S.C. § 1983.

It is clear that this Circuit has accepted the Monroe interpretation of nonliability of states and municipalities in actions for damages under 42 U.S.C. § 1983. Plaintiffs would argue that this position is an improvident one which requires serious review and overturning. The thrust of their argument is that the Congressional intent in adopting this legislation was not to create municipal liability where it did not exist, but rather to defer to such immunity as existed under local law. Pointing to 42 U.S.C. § 1988, plaintiffs contend that relevant state law should be applied. As section 815.2(a) of the California Government Code provides for municipal liability, plaintiffs argue that there is no immunity in the present case and an action should lie against the City of Palo Alto. In support of this position, plaintiffs rely primarily on Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971). For further authority plaintiffs contend that the principle that state law may be applied under 42 U.S.C. § 1988 has been accepted by the Court of Appeals for the Ninth Circuit in Hesselgesser v. Reilly, 440 F.2d 901 (9 Cir. 1971).

Neither of these cases is authority for an action for damages against the City of Palo Alto under 42 U.S.C. § 1983. Plaintiffs' reliance on Hesselgesser is misplaced. That case involved the liability of a sheriff for acts of his deputy. The question of whether a municipality is a "person" within the meaning of that term in 42 U.S.C. § 1983 was not present, as the sheriff was clearly a person within the meaning of section 1983. While the discussion of this issue in

---

1. It would appear that subsequent to this decision, the Ninth Circuit has spoken definitively on this issue in Moor v. Madigan, 458 F.2d 1217, decided April 12, 1972. In that case appellants argued:

"The Monroe [Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)] holding should be limited to mean only that congressional enactment of section 1983 did not purport to impose vicarious liability on municipalities through federal law when no such liability existed under state law.

From this position, they reason that when state law provides for the imposition of such liability, a federal court may properly entertain claims brought thereunder" (Moor v. Madigan, 458 F.2d at p. 1218).

Appellants also argued that relevant state law should be adopted pursuant to 42 U.S.C. § 1988 in order to effectuate the Civil Rights Act. These arguments were rejected and the dismissal of claims against the County of Alameda was affirmed.

*Carter* is certainly illuminating, it is doubtful that the holding of that case is as broad as plaintiffs urge it to be. In any event, regardless of the scope given the holding in *Carter,* this Court must follow the decisions in this Circuit on the issue which clearly preclude an action for damages against a municipality under 42 U.S.C. § 1983. See Brown v. Town of Caliente, 392 F.2d 546 (9 Cir. 1968); Sires v. Coles, 320 F.2d 877 (9 Cir. 1963). Therefore the section 1983 claim must be dismissed as to the defendant City of Palo Alto.

■ Turning to the claim alleged under 28 U.S.C. § 1331, the sole authority presented in support of plaintiffs' position is Bivens v. Six Unknown Named Agents, etc., 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which involved an alleged illegal search by Federal officers. The Supreme Court held there that an action for damages was maintainable against the individual Federal officers. The acts of Federal agents are not included within the scope of 42 U.S.C. § 1983, as that statute applies only to persons acting "under color of state law." Plaintiffs have cited no authority holding that an action for redress of Fourth Amendment rights can be advanced against a municipality for the acts of its agents. To hold a municipality liable for damages under such a theory would be to vitiate the Congressional mandate of 42 U.S.C. § 1983. Accordingly, plaintiffs' argument that an independent cause of action against the City of Palo Alto for acts committed by its employees exists under 18 U.S.C. § 1331 is rejected. Defendants' motion to dismiss this claim as to the City of Palo Alto is granted.

■■ The final point raised by the motion concerns the jurisdiction of this Court to decide the pendent state claims. There is no contention that these state claims are improperly joined insofar as there are valid Federal claims against the defendants. Therefore, as the Court has denied defendants' motion to dismiss the Federal claims as to the individual defendants, the state claims against those defendants are properly before the Court and will not be dismissed. However, with respect to the pendent state claims against the City of Palo Alto, there are no longer any Federal claims against the City before this Court. It is the law in this Circuit that pendent jurisdiction is available only to join related state claims against parties already before the Court on a Federal claim. Pendent jurisdiction does not extend the jurisdiction of this Court to encompass state claims against a party as to whom there is no pending Federal claim. Hymer v. Chai, 407 F.2d 136 (9 Cir. 1969). Therefore, in the absence of any valid Federal claims against the defendant City of Palo Alto, the pendent state claims as to that defendant are not properly before this Court. Defendants' motions to dismiss all claims as to the City of Palo Alto must be granted.