Joe Carl WASHINGTON, Plaintiff,

v.

Fred BRANTLEY et al., Defendants.

No. 72-2-Civ-Oc.

United States District Court,
M. D. Florida,
Ocala Division.

Dec. 12, 1972.

John M. Brumbaugh, Miami, Fla., for plaintiff.

Andrew G. Pattillo, Ocala, Fla., Richard T. Jones, Gainesville, Fla., and Owen McGovern, Ocala, Fla., for defendants.

## OPINION OF COURT

SCOTT, District Judge.

In this case the plaintiff has sued in the amended complaint three defendants: a person, a municipality and an insurer and has prayed solely for damages. Thus, upon the filing by defendants City of Dunnellon, the municipality, and The Travelers Insurance Company, the insurer, of their respective motions to dismiss, the question of whether the City of Dunnellon is a proper party defendant was brought into sharp focus.

The plaintiff has sued Brantley, the individual, for acts which he allegedly unlawfully committed in the course and scope of his duties as a police officer of the defendant City of Dunnellon. The amended complaint alleges that the municipality is liable on account of its training and supervision of the defendant Brantley and that the insurer had in

force at all pertinent times with defendants a written contract of liability insurance. The action has been brought pursuant to 28 U.S.C. § 1343; 42 U.S.C. § 1983; and the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments of the Constitution of the United States.

For the purpose of testing the sufficiency of the amended complaint, this Court must accept the allegations as true. Clark v. Uebersee Finanz-Korporation, 332 U.S. 480, 68 S.Ct. 174, 92 L. Ed. 88 (1947).

The amended complaint alleges that on or about August 31, 1971, plaintiff Washington was present at a supermarket in Dunnellon, Florida, for the purpose of purchasing groceries. While he was there, Washington was falsely accused of cheating the store of approximately fifty (50) dollars by a "quick-change" scheme. The defendant Brantley was thereupon summoned to arrest Washington.

After arriving at the store, Brantley took Washington into custody and transported him to the office of the Police Department of the City of Dunnellon for the purpose of booking and formally charging him. In the course of taking Washington into custody, Brantley searched Washington and determined that he was unarmed.

Before Washington was formally charged but while he was at the police station, Washington fled from the police station and proceeded across an adjacent parking lot. Thereupon, Brantley drew his pistol and proceeded, without sounding any warning, to shoot Washington in the back. Finally, plaintiff alleges that it was not necessary to use deadly force to effect his apprehension.

## I. THE CITY OF DUNNELLON AS A "PERSON"

■ As a general rule and as a matter of historical understanding, it is true that, since the inferior federal courts are those of limited jurisdiction, there must be a jurisdictional statutory grant by Congress which authorizes such a court to entertain a lawsuit. *See* Turner v. President, Directors and Co. of the Bank of N. America, 4 U.S. (4 Dall.) 7, 1 L.Ed. 718 (1799).

■ The Act of April 20, 1871, c. 22, 17 Stat. 13, gave birth to what is now codified as 42 U.S.C. § 1983. It provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

This statute gives rise to a civil cause of action, and 28 U.S.C. §§ 1343(3) and 1343(4) grant original jurisdiction to the United States District Courts to entertain and decide such cases. In this case the parties are in dispute as to whether the word "person" as used in 42 U.S.C. § 1983 includes within its ambit a municipality. This Court concludes that a municipality is not included within the purview of the statute in a damage action regardless of whether local law has abolished or narrowed the scope of municipal immunity.

The classic and authoritative case on this point is Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In that case the Supreme Court considered, *inter alia,* whether Congress intended to bring municipal corporations within the ambit of the statute. After a rather full consideration of the legislative history of the statute which was enacted by a Reconstruction Congress, the Court clearly and succinctly concluded that

[t]he response of the Congress to the proposal to make municipalities liable for certain actions being brought within federal purview by the Act of April 20, 1871, was so antagonistic

that we cannot believe the word "person" was used in this particular Act to include them. Accordingly we hold that the motion to dismiss the complaint against the City of Chicago was properly granted.

Monroe v. Pape, *supra* at 191–192, 81 S. Ct. at 486.

Thereafter, in Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), the Fifth Circuit carefully considered the breadth of the holding in *Monroe.* The court reasoned that, since "[o]rdinarily, under our system of law, a decision of a higher court is binding as a precedent to the extent of the *ratio decidendi* of the case", *id.* at 321, *Monroe* should properly be limited to its facts. The court noted that *Monroe* was an action for damages for the misconduct of police officers and concluded that

> [t]hus the *ratio decidendi* of the decision is that no cause of action lies against a municipality under § 1983 for damages under the doctrine of respondeat superior for the conduct of its police officers.

*Ibid.*

More recently, the Court of Appeals for the District of Columbia Circuit has decided the case Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), cert. granted District of Columbia v. Carter, 404 U.S. 1014, 92 S.Ct. 683, 30 L.Ed.2d 661 (1972), upon which the plaintiff in this case relies. In *Carter* the court reasoned that in light of the legislative history of 42 U.S.C. § 1983 an interpretation of *Monroe* must be limited to its facts. The *Carter* court held that the *Monroe* doctrine ". . . is inapplicable to the extent that local common law recognizes municipal liability", *id.* at 369, and, after considering the legislative history, concluded that "[w]here local law has abolished or narrowed the scope of municipal immunity, the scope of immunity under § 1983 should follow the local rule." *Ibid.* Finally, the *Carter* court found additional support in the related statute 42 U.S. C. § 1988 [1] which, on the basis of Sullivan v. Little Hunting Park, 396 U.S. 229, 240, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), the court determined ". . . to provide that the local rule shall govern in an action under § 1983." Carter v. Carlson, *supra* 447 F.2d at 369.

This Court has no doubt that, if *Carter* were controlling authority, the motion to dismiss in this case should have been denied.[2] In Florida, it seems to be settled state law that, under circumstances here alleged to be true, sovereign immunity is not enjoyed by a municipality. Thus, if 42 U.S.C. § 1983 followed the local rule, then in Florida a municipality would appropriately be considered a "person" and subject to suit. *See* Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla.1957) (en banc). *See also* City

1. That statute provides:

 The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter, and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment *on the party* found guilty.

 42 U.S.C. § 1988.

2. This Court has no difficulty with the argument that *Carter* is inapplicable since it somehow relates to the peculiar nature of the District of Columbia. The *Carter* court, in the above discussed analysis, held 42 U.S.C. § 1983 applicable independent of any consideration of the unique character of the District. Carter v. Carlson, *supra* 447 F.2d at 369–370.

of Miami v. Simpson, 172 So.2d 435 (Fla.1965).

This Court cannot accept as controlling law the rule in Carter v. Carlson, *supra*. In two reported cases decided subsequent to *Carter*, the Court of Appeals for the Seventh Circuit has considered, and rejected, the Carter construction of the statute. Ries v. Lynskey, 452 F.2d 172 (7th Cir. 1971); Yumich v. Cotter, 452 F.2d 59 (7th Cir. 1971).[3] This Court is of the opinion that it must apply the law, as determined in Monroe v. Pape, *supra*; Harkless v. Sweeny Independent School District, *supra*; Ries v. Lynskey, *supra*; and Yumich v. Cotter, *supra*, and dismiss the defendant municipality, the City of Dunnellon, for the following reasons.

First, the Supreme Court of the United States has authoritatively held that a municipality is not a "person" within the meaning of 42 U.S.C. § 1983, Monroe v. Pape, *supra* 365 U.S. at 191–192, 81 S.Ct. 473, and the Fifth Circuit has construed the *ratio decidendi* of Monroe to mean that no cause of action lies against a municipality under 42 U.S.C. § 1983 for damages under the doctrine of respondeat superior for the conduct of its police officers. Harkless v. Sweeny Independent School District, *supra*. This Court is duty bound to apply these decisions.

Second, this Court independently concludes on the basis of the applicable legislative history, that the word "person" as used in 42 U.S.C: § 1983 does not include within its ambit in an action for damages a municipality and that the enacting Congress did not intend the word "person" as used in 42 U.S.C. § 1983 to be elasticized so as to follow, over time, the varying dictates of local law. This Court does not decide this issue on the basis of any policy belief whatsoever that a city should be clothed with immunity, but rather, for the reason that the enacting Congress itself categorically rejected the proposal that municipalities be subjected to liability., *Cf.* Ries v. Lynskey, *supra* 452 F.2d at 174–175.

Third, this Court has considered and, with deference, hereby rejects the analysis in Carter v. Carlson, *supra*. The *Carter* court ruled that *Monroe* must be limited to its facts and then implicitly, but apparently, reasoned that, since the fact of local municipal immunity was not a fact considered by the Supreme Court in *Monroe*, local common law recognizing municipal liability is determinative of *Monroe*'s applicability. Having reached this point, the *Carter* court then freshly and cursorily examined the legislative history and reached a conclusion which, in the opinion of this Court, to the extent that it limits the applicability of *Monroe*, is in direct conflict with *Monroe*. In so construing the statute and the opinion of the Supreme Court in *Monroe*, the *Carter* court placed significant weight on the factor of local common law which might recognize or reject municipal liability. However, the Supreme Court in *Monroe* did not consider this factor at all but ruled rather squarely that municipalities are not within the purview of the Act. Finally, by utilizing this analysis the *Carter* court in effect reevaluated the applicable

---

3. The United States Court of Appeals for the Ninth Circuit has also recently considered the applicability of the *Carter* rational to a defendant county. The Ninth Circuit affirmed the dismissal of claims against the county (*see* Rundle v. Madigan, D.C., 331 F.Supp. 492) and partially rejected the *Carter* analysis. Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972), cert. granted sub nom., Moor v. Alameda County, 409 U.S. 841, 93 S.Ct. 66, 34 L.Ed.2d 80 (1972).

Additionally, *Carter* was considered in Payne v. Mertens, 343 F.Supp. 1355 at 1357–1358 (N.D.Cal.1972), wherein the district court dismissed the complaint as to the City of Palo Alto reasoning that ". . . regardless of the scope given the holding in *Carter*, this Court must follow the decisions in this Circuit on the issue which clearly preclude an action for damages against a municipality under 42 U.S.C. § 1983. *See* Brown v. Town of Caliente, 392 F.2d 546 (9 Cir. 1968); Sires v. Cole, 320 F.2d 877 (9 Cir. 1963)." *Id.* at 1358.

legislative history and simply reached a conclusion which the Supreme Court in *Monroe* had flatly rejected.

Additionally, there may be some argument that 42 U.S.C. § 1988 [4] aids somehow to effect municipal liability. This, also, was a position taken by the court in Carter v. Carlson, *supra.* However, this Court concludes, with deference, that 42 U.S.C. § 1988 cannot be used as a crutch so as to create a federally recognizable cause of action pursuant to 42 U.S.C. § 1983 against municipalities.

42 U.S.C. § 1988 is a statutory provision for the vindication of civil rights which was enacted into law by Congress by the Act of April 9, 1866, c. 31, § 3, 14 Stat. 27, and by the Act of May 31, 1870, c. 114, § 18, 16 Stat. 144. This statute seeks to adapt the common law, ". . . as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held . . .", to appropriate civil rights cases. However, and importantly, the statute is self-limiting; for it only applies ". . . so far as the same [state common law] is not inconsistent with the . . . laws of the United States. . . ." 42 U.S.C. § 1988. As has been noted above, municipal liability is not within the ambit of 42 U.S.C. § 1983 and has been rejected by the Congress. Thus, to the extent that a cause of action is grounded upon the provisions of 42 U.S.C. § 1983, municipal liability in an action for damages is, for the purposes of 42 U.S.C. § 1988, inconsistent with the laws of the United States. Therefore, 42 U.S.C. § 1988 cannot properly occasion municipal liability in an action for damages since 42 U.S.C. § 1983 does not encompass a municipality within the definition of the word "person".[5] In short, if a federal court does not otherwise have subject matter jurisdiction, 42 U.S.C. § 1988 cannot be utilized to invoke a cause of action inconsistent with other federal statutes.[6]

## II. THE CITY OF DUNNELLON: MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONALLY GUARANTEED RIGHTS UNDER *BIVENS*

The plaintiff has herein raised the issue whether a municipality is subject to liability for violation of federally guaranteed rights under the authority of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U. S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This Court hereinafter determines that a municipality is not liable under this theory.

*Bivens* is concededly a novel case. The Supreme Court there held that damages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal officials. The case was not decided on the basis of a federal jurisdictional issue, but, rather, on the basis that the United States Constitution itself gives rise to a cause of action.

In the instant case, plaintiff has alleged jurisdiction under 28 U.S.C. § 1343. For the purposes of this discussion this Court will assume *arguendo* that the plaintiff has also implicitly alleged jurisdiction pursuant to 28 U.S.C. § 1331.

It seems reasonably clear that *Bivens* may have sought to impose liability against federal officials for the same acts which Congress has heretofore imposed liability against state officials.

---

4. *See* n. 1, *supra.*

5. In Carter v. Carlson, *supra* 447 F.2d at 369, the court failed to consider the self-limiting nature of the statute and cited Sullivan v. Little Hunting Park, 396 U.S. 229 at 240, 90 S.Ct. 400, 24 L. Ed.2d 386 (1969), a case which, for the purposes of 42 U.S.C. § 1988, solely con-

sidered the applicability of state rules on damages.

6. Compare Otto v. Somers, 332 F.2d 697 (6th Cir. 1964), *with* Baker v. F & F Investment, 420 F.2d 1191 (7th Cir. 1970). *See also* Underwood v. City of Pensacola, Florida, 341 F.Supp. 1380 (N.D.Fla. 1972).

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, *supra*, 403 U.S. at 427–431, 91 S.Ct. 1999 (Mr. Justice Black, dissenting); *see* 42 U.S.C. § 1983. However, in reaching this holding, the Court reasoned in such a manner that it may be argued, notwithstanding the *ratio decidendi* of the case, that *Bivens* recognizes a cause of action for damages for violation of *any* constitutionally protected interest. Indeed, the Court of Appeals for the Third Circuit has so construed *Bivens*. United States ex rel. Moore v. Koelzer, 457 F.2d 892, 894 (3d Cir. 1972) (cause of action found in Fifth Amendment).[7] This Court now proceeds in its analysis and assumes *arguendo* that *Bivens* does recognize a cause of action for damages for violation of constitutionally protected interests.

In *Bivens* the defendants were federal officials. In the instant case the defendant Brantley was allegedly acting under color of state law. Therefore, it may be argued that *Bivens* is distinguishable and inapplicable. However, this distinction is not persuasive since, for example, the Fourth Amendment is applicable to the states through the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1968), and the Fourteenth Amendment is itself directly, facially applicable to the states.

Now, therefore, under the facts of this case as hereinbefore set out, this Court after consideration notes three possible causes of action which, regardless of whether they are presently cognizable or respectable in terms of existing case law, may arise under the Constitution itself. First, the plaintiff *might* be entitled to relief under the Fourth Amendment on the theory that his physical seizure at the grocery continued through that point at which he bolted and fled from the defendant and that the force utilized was unreasonable and that, therefore, he was subjected to an unreasonable seizure. Second, the plaintiff *might* be entitled to relief under the Fourteenth Amendment on the theory that he was denied due process of law by nature of the unreasonable usage of deadly force against him. Third, the plaintiff *might* be entitled to relief under the Fourteenth Amendment on the theory that he was denied, as applied, the equal protection of the law. However, this Court notes that it did not dismiss the case against the defendant Brantley but rather as against the defendant municipality.[8]

 Although the Fourteenth Amendment was adopted subsequent to the Eleventh Amendment, the former certainly did not repeal the latter. The two must be read together.[9] Undoubtedly, a state as such continues to enjoy an immunity which under the Eleventh

---

7. Consequently, it is difficult to distinguish *Bivens* on simply the basis that it is a Fourth Amendment case.

8. On remand, the Court of Appeals for the Second Circuit held that, although the complaint stated a cause of action, certain defenses could be raised by the officers.

 We further hold, however, that it is a valid defense to such charges to allege and prove that the federal agent or other federal police officer acted in the matter complained of in good faith and with a reasonable belief in the validity of the arrest and search and in the necessity for carrying out the arrest and search

in the way the arrest was made and the search was conducted.

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 456 F.2d 1339, 1341 (2d Cir. 1972).

9. Thus, in the celebrated case Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908), the Supreme Court indicated that the Eleventh Amendment was not involved, *id.* at 155, 28 S.Ct. 441, and held that a federal court may enjoin the attorney general of a state, whose general duty it is to enforce the state statutes, from proceeding to enforce, against persons affected, a state statute which violates the Constitution.

Amendment is constitutionally guaranteed and secured to it.[10] And, as here, an unconsenting state is immune from federal court suits brought by its own citizens. Parden v. Terminal Ry. of Alabama Docks Dep't, 377 U.S. 184, 84 S. Ct. 1207, 12 L.Ed.2d 233 (1964). Therefore, this Court holds that, just as in *Bivens* the Supreme Court did not hold that the complaint stated a cause of action for damages as against the federal government, the rational of *Bivens* cannot be extended by analogy so as to provide for liability for damages as against a state. In Florida, it has been held that to the extent that governmental functions are discharged within a prescribed area and consistent with its grant of authority, a municipal corporation exercises attributes of sovereignty, and as such is a political subdivision or arm of the state. City of Miami v. Lewis, 104 So.2d 70 (Fla.Dist.Ct.App.1958); Loeb v. City of Jacksonville, 101 Fla. 429, 134 So. 205 (1931). Therefore, this Court holds that there can be no liability of a municipality for damages under a *Bivens* theory when in legal contemplation a municipality stands in the place of the state.[11]

## III. THE INSURER

At the hearing on August 10, 1972, on the motion to dismiss the defendant insurance company, the parties agreed, stipulated and admitted to this Court that the coverage of the policy of liability insurance only extended to the municipality, the City of Dunnellon, and that, if the municipality was not a proper party defendant, there would be no issue as to the liability of the defendant, The Travelers Insurance Company. Therefore, since this Court has concluded that the municipality is not liable, the motion to dismiss the defendant insurance company has been granted.

---

10. The Eleventh Amendment provides:
 The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
 U.S.Const. amend. XI.

11. *See also* Payne v. Mertens, 343 F.Supp. 1355 at 1358 (N.D.Cal.1972).