**Unise GAMBLING, Plaintiff,**

v.

**George CORNISH et al., Defendants.**

**No. 74 C 3495.**

United States District Court,
N. D. Illinois, E. D.

March 4, 1975.

Robert C. Howard, Chicago, Ill., for plaintiff.

William R. Quinlan, Corp. Counsel, Kenneth J. Cortesi, Asst. Corp. Counsel, George Howard, Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION

LYNCH, District Judge.

Plaintiff has brought this action for deprivation of her constitutional rights under 42 U.S.C. Section 1983 and the Fourteenth Amendment against the City of Chicago and several of its police officers who allegedly sexually assaulted

her. While plaintiff concedes that the City of Chicago is not a "person" within the meaning of 42 U.S.C. Section 1983, she does contend that a cause of action exists against the City directly under the Fourteenth Amendment. The cause now comes before the Court on the City's motion to dismiss for failure to state a claim upon which relief can be granted.

Count I of the Complaint relates, in pertinent part, as follows:

> Defendants George Cornish and Stephen Webster, at all times relevant to this Complaint, were duly appointed, qualified and acting police officers of the City of Chicago, were agents of the City of Chicago, and engaged in the conduct complained of in the course and scope of their employment as police officers.

> Defendant City of Chicago is an Illinois municipal corporation. At all times relevant to this Complaint, the City of Chicago employed defendants Cornish and Webster as police officers, vested in them the authority of police officers, and provided each of them with an official badge and identification card, which designated and described them as officers of the City's Department of Police. Defendants Cornish and Webster engaged in the conduct complained of in the name of and while acting as agents of the City of Chicago.

> Each of the defendants engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Chicago and State of Illinois.

Plaintiff argues that the City of Chicago should be liable in damages for the alleged wrongdoing of its police officers because the City of Chicago "employed the officers and vested them with the powers and authority which enabled them to violate plaintiff's rights." (Plaintiff's *Memo in Opp.* at page 1.) In support of this argument plaintiff relies on the cases of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and *Kenosha v. Bru-*

*no,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). Plaintiff's reliance on these cases to support her claim against the City under the circumstances of this case is misplaced.

In *Bivens, supra,* the alleged wrongdoers were certain federal narcotics agents who were not within the purview of 42 U.S.C. Section 1983. In order to fashion a remedy to redress the wrongdoing of these agents, the Court held that plaintiff's claim of a constitutional right to be free from unreasonable searches and seizures by federal narcotics agents stated a cause of action under the Fourth Amendment. 403 U.S. at 397, 91 S.Ct. at 2005, 29 L.Ed.2d at 627.

█ Under the facts of the instant case, however, plaintiff has a remedy under 42 U.S.C. Section 1983 against the alleged wrongdoers. Yet, plaintiff also seeks to recover from the City of Chicago, which is clearly outside the coverage of 42 U.S.C. Section 1983. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

Plaintiff contends that she is entitled to sue the City directly under the Fourteenth Amendment under the authority of the decision of the Supreme Court in *Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

Although some language in *Kenosha v. Bruno* does indicate that a valid claim could exist under the Fourteenth Amendment against a municipality under *Bivens, supra,* and *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), the Supreme Court did not reach the question of whether or not jurisdiction was established since there was no determination made as to the requisite jurisdictional amount. 412 U.S. at 514, 93 S.Ct. at 2227, 37 L.Ed.2d at 116–17. In addition, the case presented in *Kenosha v. Bruno* is clearly distinguishable from the case at bar.

█ In *Kenosha v. Bruno* the alleged deprivation of Fourteenth Amendment due process rights related to the failure of the cities of Kenosha and Racine to hold full adversary hearings before deny-

ing renewal of one-year liquor licenses. The instant case is markedly different. Here the alleged deprivation of Fourteenth Amendment rights by the City related to the actions of the City when it "employed the officers and vested them with the powers and authority which enabled them to violate plaintiff's rights." (Plaintiff's *Memo* in *Opp.* at page 1). The Court finds that these allegations are insufficient to state a claim against the City of Chicago.

In *Kenosha v. Bruno* and in other cases relied upon by the plaintiff, the Courts were dealing with actions on the part of the municipality: *Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973)—City's failure to provide a hearing for liquor license revocation; *Maybanks v. Ingraham,* 378 F.Supp. 913 (E.D.Pa.1974)—City's racially discriminatory discharge of an employee; *Dahl v. City of Palo Alto,* 372 F.Supp. 647 (N.D.Cal.1974)—City's taking of property without just compensation.

In the instant case the only action of the City alleged to deprive plaintiff of her constitutional rights was the employment by the City of these police officers. The Court finds that the allegations of plaintiff's complaint are insufficient to state a claim upon which relief can be granted under the Fourteenth Amendment against the City of Chicago.

For the foregoing reasons, the motion of defendant, City of Chicago, to dismiss for failure to state a claim upon which relief can be granted is hereby granted.