**Adelaide MITCHELL**

v.

**Kenneth W. LIBBY et al.**

**Civ. No. 75–211.**

United States District Court, D. Vermont.

March 23, 1976.

Robert J. Kurrle, Montpelier, Vt., for plaintiff.

Richard H. Wadhams, Jr., Pierson, Affolter & Amidon, Burlington, Vt., for defendant Town of Stowe, Vt.

## MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

The defendant, Town of Stowe, has moved to dismiss Count II of the plaintiff's complaint wherein the plaintiff seeks compensatory and punitive damages, as well as other relief, against the Town as a result of allegedly improper conduct by Town police officers in arresting the plaintiff. The predicate of the motion is that the plaintiff's complaint fails to state a cause of action upon which relief can be granted because the Town is not a "person" within the meaning of 42 U.S.C. § 1983, and thus is not subject to suit for damages under this statute. The defendant Town further asserts that since the plaintiff's only federal claim against the Town is under 42 U.S.C. § 1983, this court has no "federal question" jurisdiction under 28

U.S.C. § 1331, nor does it have any pendent jurisdiction over the state claims.

The plaintiff makes clear in Count II of her complaint that she does not seek to invoke jurisdiction under 42 U.S.C. § 1983 for purposes of her asserted claim against the Town. This position is consistent with the Supreme Court opinions in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), to the effect that both monetary and equitable relief against a municipality are outside the ambit of section 1983.

■ In considering the present motion to dismiss, it is necessary to determine whether the plaintiff's complaint states a cause of action under the "federal question" jurisdiction provided for in 28 U.S.C. § 1331. More particularly, the issue is whether there exists a federal claim based directly upon the Fourteenth Amendment and the rights incorporated therein. Some support for such a cause of action is indicated in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (private Fourth Amendment cause of action against federal officials), and the concurring opinions of Justices Brennan and Marshall in *City of Kenosha v. Bruno*, 412 U.S. 507, 516, 93 S.Ct. 2222, 2228, 37 L.Ed.2d 109, 118 (1973). The panel decision of the Second Circuit in *Brault v. Town of Milton*, 527 F.2d 730 (2d Cir. 1975), would probably have been controlling in favor of the plaintiff's Fourteenth Amendment claim. But that court's *en banc* decision clearly recedes from holding that a direct cause of action exists under the Fourteenth Amendment. *Id.* at 736–41. Therefore, such lower court decisions as *Perzanowski v. Salvio*, 369 F.Supp. 223, 228–31 (D.Conn. 1974), rejecting the direct cause of action argument, may be regarded as accurate reflections of the present state of the law in the Second Circuit. Hence the plaintiff's direct Fourteenth Amendment claim must fail.

Having determined that Count II fails to state a federal claim against the Town, it becomes necessary to decide whether the court has jurisdiction over the pendent state claims asserted against the Town. 29 V.S.A. § 1403 provides that

> when a municipal corporation purchases a policy of liability insurance under the provisions of section 1092 of Title 24 . . . it waives its sovereign immunity from liability to the extent of the coverage of the policy and consents to be sued.

Thus, questions of federal jurisdiction aside, if the Town has purchased liability insurance, a cause of action against it may exist under state law. *See* 24 V.S.A. § 901 (dealing with actions against town officers). Whether this court may take jurisdiction of such a claim is a question of both power and discretion.

The leading case on pendent jurisdiction is *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). There the Court held that judicial power to entertain a pendent claim exists where there is a federal claim "sufficient to confer subject matter jurisdiction" and "the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case'." *Id.* at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 227. The Court further noted that "[t]he state and federal claims must derive from a common nucleus of operative fact." *Id.* It appears that in the present case the federal claims against the Town officers and the state claims against the Town all "derive from a common nucleus of operative fact."

■ The court recognizes that in *Gibbs*, the Supreme Court stated:

> Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. It should be noted, however, that

in *Gibbs* the Court was speaking of a situation involving only one defendant. In such a situation it is clear that if the federal claims against a sole defendant are dismissed, the only claims remaining in the entire case will be state claims. Hence, the suit should be tried in state court.

In the present case, where there is more than one defendant and federal claims survive as to some of those defendants, there is not such a compelling reason to leave the resolution of state claims against the Town to state court proceedings while retaining jurisdiction over state and federal claims against the individual defendants. It should be kept in mind that in a similar situation the Supreme Court expressly refused to pass on the question of whether there is power to hear state law claims against a municipality where federal claims against it had been dismissed, but where state and federal claims against individual codefendants were still pending. *See Moor v. County of Alameda*, 411 U.S. 693, 715, 93 S.Ct. 1785, 1798, 36 L.Ed.2d 596, 612 (1973). In a different context, the Second Circuit has indicated that district courts have power to hear state claims against "pendent parties." *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971). *Compare Winnick v. Manning*, 460 F.2d 545 (2d Cir. 1972).

■ In light of this uncertainty as to the existence of jurisdictional power over a "pendent party" such as the Town, this court considers it to be in the interest of judicial economy to retain jurisdiction of the state law claims against the defendant Town at the present time. If it should appear before trial that the federal claims against the Town officers are insufficient to confer subject matter jurisdiction on this court, the court will, at such time, entertain renewed motions to dismiss. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–1139, 16 L.Ed.2d 218, 227–228 (1966). But, for the court, at this stage of the proceedings, to exercise its discretion in such a way as to create two lawsuits—one state and one federal—where there had been one would be to ignore the "considerations of judicial economy, convenience and fairness to litigants" which were deemed so important in the *Gibbs* case. *Id.* at 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228.

Accordingly, it is ORDERED: *That Count II of the complaint is dismissed insofar as it purports to state claims based upon federal law against the defendant Town of Stowe, Vermont.*