**Jesse J. MEJIA, Plaintiff,**

v.

**SCHOOL CITY OF GARY et al., Defendants.**

**No. H 74–120.**

United States District Court,
N. D. Indiana,
Hammond Division.

July 9, 1976.

---

**3.** It should be noted that petitioner had a full and exhaustive review of all of his contentions with respect to the conduct of the trial and pretrial matters. *See United States v. Choice,* 392 F.Supp. 460 (E.D.Pa.1975), aff'd, 523 F.2d 1051 (3d Cir. 1975).

Daniel A. Medrea, Merrillville, Ind., Richard J. Darko, Indianapolis, Ind., for plaintiff.

William J. Regan, Merrillville, Ind., for defendants.

## ORDER AND MEMORANDUM

ALLEN SHARP, District Judge.

The Court is presented with a motion to dismiss filed by the defendants, School City of Gary et al., pursuant to F.R.C.P. 12(b). The Court has studied the memoranda filed by both plaintiff and defendants and hereby DENIES the defendants' motion to dismiss. This Court invokes jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 28 U.S.C. §§ 1331, 1343(3), (4) and under the First and Fourteenth Amendments to the Constitution.

### FACTS

The plaintiff, Jesse J. Mejia, entered into a contract with the School City of Gary to teach Spanish at Tolleston High School on or about August 30, 1962. In 1963 the plaintiff's contract was renewed and he began teaching Spanish at Lew Wallace High School within the School City of Gary. In the fall of 1967 plaintiff became a tenure teacher within the same school system.

On February 18, 1974 the plaintiff was suspended, without pay, on official charges of insubordination. The plaintiff contends he was suspended because of his outspoken views on racial issues at Lew Wallace High School and because of his association with the Concerned Latin Organization, a politically active minority organization established by and for the Latin Community.

After suspension, mandatory hearing procedures were invoked pursuant to Burns Indiana Statutes 28–4512 (IC 20–6–12–2). Various compromises between the parties were attempted but failed. The plaintiff refused to participate in the March 18, 1974 school board hearing concerning his contract cancellation because he alleged the board was not impartial. On March 26, 1974 the plaintiff's indefinite contract as a tenure teacher was cancelled.

The plaintiff filed a fifteen page complaint on May 1, 1974 alleging that he was denied his rights under the First and Fourteenth Amendments to the United States Constitution and that his civil rights under 42 U.S.C. §§ 1983, 1981 and 1985 were denied.

The defendants base their motion to dismiss upon two grounds: that the Court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted.

### EXHAUSTION AND ABSTENTION

As to lack of subject matter jurisdiction in this Court, the defendants make two arguments. First, they urge that the Court should refuse to exercise jurisdiction because of the plaintiff's failure to exhaust available administrative remedies. This argument is without merit, however, in suits brought to redress the deprivation of civil rights pursuant to 42 U.S.C. § 1983. § 1983 was passed specifically to afford a plaintiff with a cause of action against every person who, under color of state law, deprives him of his rights guaranteed by the Constitution of the United States. The Supreme Court of the United States in *Damico v. California*, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967), held that exhaustion of administrative remedies is not required in a suit brought under 42 U.S.C. § 1983. See also *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed. 488 (1963); *McNeese v. Board of Education*, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963).

██ In their second contention, defendants maintain that this Court should decline to exercise its jurisdiction because the complaint involves school personnel and management problems and that such problems are essentially a matter of state concern and state law. This Court cannot agree with defendants argument. The plaintiff claims his constitutional rights have been violated by the named defendants and § 1983 of 42 U.S.C. has always been used to redress the deprivation of constitutional rights by state and local officials. In *Drexler v. Southwest Dubois School Corporation*, 504 F.2d 836 (7th Cir. en banc 1974), the court refused to invoke abstention of the exercise of federal jurisdiction in a similar suit involving a non-tenured teacher against the school system. This Court feels compelled to follow the rulings of previous case law and hereby DENIES the motion to dismiss upon both grounds of exhaustion and abstention.

## JURISDICTION OVER THE SCHOOL CITY OF GARY

██ The defendant, School City of Gary, contends in its other grounds for dismissal that as a municipal corporation, it is not a "person" and therefore is not included within the purview of 42 U.S.C. § 1983. This Court agrees with defendants' contention as did the Supreme Court of the United States in *Monroe v. Pape*, supra, and *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). The plaintiff also admits the defendants' contention, but argues that it is of little value as grounds to dismiss the instant case since each of the four counts of the complaint invokes an alternative federal jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, the question arises whether the holdings of the Supreme Court in *Bruno* and *Monroe* will bar a claim where $10,000.00 or more is in controversy and jurisdiction is asserted under 28 U.S.C. § 1331.

The Supreme Court of the United States in *Bruno*, while admitting that municipalities were not included in a § 1983 suit, seemed to acknowledge that if the requisite amount in controversy was met, § 1331 jurisdiction would be available. "If the appellees can prove the allegation that at least $10,000.00 is in controversy, then § 1331 jurisdiction is available . . ." 412 U.S. at 516, 93 S.Ct. at 2228. (Marshall and Brennan, concurring opinion). This alternative jurisdiction has been recognized in *Skehan v. Board of Trustees of Bloomsburg State Col.*, 501 F.2d 31, 44 (3d Cir. 1974); *Maybanks v. Ingraham*, 378 F.Supp. 913 (E.D.Pa.1974).

██ Although the question of § 1331 jurisdiction over municipalities is relatively new to the higher federal courts, there is ample case law established throughout the United States District Courts that recognize 28 U.S.C. § 1331 as an alternative jurisdiction in suits involving defendant municipalities. *Williams v. Brown*, 398 F.Supp. 155 (N.D.Ill.E.D.1975); *Redding v. Medica*, 402 F.Supp. 1260 (W.D.Pa.1975); *Kopetzke v. County of San Mateo Board of Super.*, 396 F.Supp. 1004 (N.D.Cal.1975); and *Dahl v. City of Palo Alto*, 372 F.Supp. 647 (N.D.Cal. 1974). "Examination of the legislative histories of §§ 1983 and 1331 suggests that the bar against suing a municipality under § 1983 should not be read into § 1331." *Dahl .v. City of Palo Alto*, supra, at 650. Therefore, since the plaintiff alleges the requisite amount in controversy, this Court will maintain federal jurisdiction over the School City of Gary pursuant to 28 U.S.C. § 1331.

██ In addition to obtaining jurisdiction over the School City of Gary, Mejia must also state a claim upon which relief can be granted. This was accomplished in the complaint when the federal causes of action against the defendant School City were brought directly under the Constitutional Amendments in all four counts. The Fifth Circuit Court of Appeals recognized that a claim can be maintained against a municipality directly under the Fourteenth Amendment and § 1331 in *United Farmworkers of Florida v. City of Delray Beach*, 493 F.2d 799, 802 (5th Cir. 1974). In *Robinson et al. v. Conlisk et al.*, 385 F.Supp. 529, 536 (N.D.Ill.1974), District Judge Marshall

also recognized that there is a federal cause of action against a municipal corporation directly under the Fourteenth Amendment and that that action is cognizable under § 1331.

### EXHAUSTION UNDER § 1331

■ *Damico v. California,* supra, held that exhaustion of administrative remedies is not required in a suit brought under § 1983. While this action will not lie against the defendant School City of Gary under 42 U.S.C. § 1983 because it is a subdivision of the State of Indiana, it is still a suit for deprivation of constitutional rights and the same rationale would apply even though jurisdiction is pursuant to 28 U.S.C. § 1331.