**Lynn Jay FARNSWORTH, Plaintiff,**

v.

**OREM CITY, a Municipal Corporation, et al., Defendants.**

No. C 75–503.

United States District Court, D. Utah, C. D.

Oct. 7, 1976.

W. Jerry Ungricht, Salt Lake City, Utah, for plaintiff.

Allan L. Larson, Salt Lake City, Utah, for defendants.

## ORDER GRANTING DEFENDANT OREM CITY'S MOTION TO DISMISS

ALDON J. ANDERSON, District Judge.

On July 28, 1976, defendant Orem City moved to dismiss the plaintiff's complaint on the ground that a municipal corporation is not subject to suit under the Civil Rights Act, 42 U.S.C. § 1983 (1970). Plaintiff filed a memorandum in opposition to the motion to dismiss on August 17, 1976, and argued that a municipal corporation is subject to federal question jurisdiction pursuant to 28 U.S.C. § 1331(a) (1970) for violations of constitutionally protected interests arising under the Fourteenth Amendment.

The controlling issue of law is whether this federal court can exercise federal question jurisdiction and award injunctive and monetary relief against a municipal corporation under 28 U.S.C. § 1331(a) (1970) for alleged violations of the Fourteenth Amendment. The defendant municipality argues, and the plaintiff concedes, that municipal corporations are not "persons" within 42 U.S.C. § 1983 (1970) and that the federal court therefore has no jurisdiction to grant monetary or injunctive relief against such municipal corporations. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

The plaintiff responds that the court has independent federal question jurisdiction (28 U.S.C. § 1331(a) (1970)) over alleged violations of the Fourteenth Amendment and may award monetary and injunctive relief for such constitutional violations against a municipality. The plaintiff's argument is essentially premised upon extending to the present case a constitutional remedy similar to that provided for Fourth Amendment violations in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). While a direct constitutional remedy was appropriate for the aggravated conduct of *federal* officers in *Bivens,* the court rejects the argument that *Bivens* implicitly created a constitutional remedy for all purported con-

stitutional violations, particularly where Congress has passed legislation proscribing certain official conduct in § 1983 which the Court in *Monroe* held not to include municipal corporations.

The courts that have analyzed the present issue have split over the question of imposing monetary and injunctive relief on municipal corporations under § 1331(a) (1970) for alleged violations which, prior to *Monroe,* were brought under § 1983. Those cases extending *Bivens* to impose monetary and injunctive relief on municipal corporations have generally reasoned that federal district courts have authority to fashion remedies for constitutional violations even in the absence of legislation. *See, e. g., Brown v. Board of Education,* 386 F.Supp. 110, 121 (N.D.Ill.1974); *Dahl v. City of Palo Alto,* 372 F.Supp. 647, 650–51 (N.D.Cal. 1974). *See generally* Dellinger, *Of Rights and Remedies: The Constitution as a Sword,* 85 Harv.L.Rev. 1532, 1540–45 (1972).

Further, these cases have relied upon the $10,000 jurisdictional amount under § 1331(a) as a limitation on exposing municipal corporations to extensive liability for constitutional violations based on civil rights otherwise protected by § 1983. *See, e. g., Panzarella v. Boyle,* 406 F.Supp. 787, 796 (D.R.I.1975); *Dahl v. City of Palo Alto, supra.* The cases extending the *Bivens* rationale heavily rely on the concurring opinion of Justices Brennan and Marshall in *City of Kenosha, supra,* that "[i]f appellees can prove their allegation that at least $10,-000 is in controversy, then § 1331 jurisdiction. is available. . . ." 412 U.S. at 516, 93 S.Ct. at 2228 (Brennan & Marshall, JJ., concurring). *See, e. g., Calvin v. Conlisk,* 520 F.2d 1, 8 (7th Cir. 1975); *Dahl v. City of Palo Alto, supra* at 650. The Court has not yet authoritatively settled the issue.

Those courts that have upheld municipal immunity from civil rights actions based on § 1331(a) have generally reasoned that the court's proper role is not to create constitutional remedies in the absence of legislation and that the strong congressional intent not to grant monetary and injunctive relief against municipal corporations in § 1983, as the Court interpreted in *Monroe,* dictates judicial restraint in fashioning constitutional remedies. See, e. g., *Perzanowski v. Salvio,* 369 F.Supp. 223, 229–31 (D.Conn.1974); *Washington v. Brantley,* 352 F.Supp. 559, 563–65 (M.D.Fla.1972). Contrary to the plaintiff's contention, the Second Circuit has expressly declined, on two occasions, to reach the constitutional decision of whether injunctive and monetary relief can be granted against a municipality for alleged civil rights violations based on 28 U.S.C. § 1331(a) (1970). *Brault v. Town of Milton,* 527 F.2d 730, 736 (2d Cir. 1975) (en banc); *Fine v. City of New York,* 529 F.2d 70, 76 (2d Cir. 1975).

■ This court adopts the position that judicial restraint in fashioning constitutional remedies is appropriate in the present case in the absence of legislation. Unlike *Bivens,* there are "special factors counselling hesitation in the absence of affirmative action by Congress." 403 U.S. at 396, 91 S.Ct. at 2005. *See Brault v. Town of Milton, supra* at 735–36 (Timbers, J., dissenting from panel's decision which was later reversed en banc). Special factors include considerations of federalism, the proper role of the federal court in fashioning constitutional remedies in the absence of congressional action, and the reluctance of the United States Supreme Court to extend liability to municipal corporations for purported civil rights violations by their officers. *See, e. g., Moor v. County of Alameda,* 411 U.S. 693, 698–710, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Monroe v. Pape, supra.* Wherefore,

IT IS HEREBY ORDERED that the municipal defendant's motion to dismiss the claims for injunctive and monetary relief is granted.