**Bruce LIVINGOOD et al., Plaintiffs,**

v.

**Jerod TOWNSEND, Individually and as Sheriff of County of Becker, et al., Defendants.**

No. 6–75 Civ. 426.

United States District Court,
D. Minnesota,
Sixth Division.

Oct. 22, 1976.

Lee W. Mosher, Crowley, Houge & Mosher, Minneapolis, Minn., for plaintiffs.

Richard L. Pemberton, Rufer, Hefte, Pemberton, Schulze & Sorlie, Fergus Falls, Minn., for defendants Townsend and Sweeney.

John E. Pearson, Becker County Atty., Detroit Lakes, Minn., for defendant Becker County.

Charles R. Kennedy, Bradford, Kennedy & Nervig, Wadena, Minn., for defendant Thomas Hunt.

John C. Quam, Irvine, Ramstad, Quam & Briggs, Detroit Lakes, Minn., for defendants Lawrence Person, City of Detroit Lakes, Walter J. Tollefson, Leroy D. Gunderson and Alden Tyge.

**DONALD D. ALSOP, District Judge.**

This case is presently before the court upon the motions of defendants City of Detroit Lakes and County of Becker[1] to dismiss the action against them due to lack of subject matter jurisdiction and for failure to state a claim against them upon which relief can be granted.[2] These motions present the narrow issue of whether plaintiffs may sue a municipality for money damages based upon alleged wrongful conduct of police officers of the municipality which results in deprivations of plaintiffs' Fourth Amendment rights.

Plaintiffs Bruce Livingood, David Warren, and Larry Zima bring this action against the City and County and several of their employees, both individually and as police officers, to redress grievances under the Federal Wire Interception and Interception of Oral Communications Act,[3] the Federal Civil Rights Act,[4] the Fourth and Fourteenth Amendments to the United States Constitution, and under pendent State-law claims.[5] The only federal cause of action asserted against the City and County is the Constitutional tort engendered in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1970), recognizing a cause of action for damages against federal agents for violating the Fourth Amendment's prohibition of unreasonable searches and seizures.[6] The remaining claims against the City and County defendants are pendent state claims. Seeking $270,000 compensatory and $120,000 punitive damages, jurisdiction of this court is invoked under: (1) 28 U.S.C. § 1331(a)[7] and the Fourth and Fourteenth Amendments to the United States Constitution; and (2) 28

---

1. Hereafter "City and County" or "municipalities."

2. The municipal defendants also move for summary judgment pursuant to Rule 56, Fed.R. Civ.P. Although it is unnecessary to address the summary judgment motion due to the disposition of the motion to dismiss, it appears that genuine issues of material fact remain in dispute in this case.

3. 18 U.S.C. § 2510 *et seq.*

4. 42 U.S.C. § 1983.

5. Minn.Stat. § 626A.01 *et seq.* (Minnesota Privacy of Communications Act); Minn.Stat.

§ 466 (contribution and indemnity); common law invasion of privacy.

6. The Federal Wire Interception and Interception of Oral Communications Act, 18 U.S.C. § 2510 *et seq.*, and the Federal Civil Rights Act, 42 U.S.C. § 1983, do not establish an independent cause of action against the municipalities.

7. 28 U.S.C. § 1331(a) provides:
 The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

U.S.C. § 1343 [8] and 42 U.S.C. § 1983 [9] (Civil Rights Act of 1871).

Plaintiffs allege:

On or about the 20th day of March, 1975, individual defendants commenced an investigation of the plaintiffs by stationing themselves in the room adjacent to the plaintiffs' room at the Edgewater Inn. The police stationed themselves in Room 415. Subsequent to March 20, 1975, and thru March 29, 1975, defendants then and there employed a mechanical, electronic, or other device to intercept, overhear, and eavesdrop upon the private conversations and oral communications of the plaintiffs.

\* \* \* \* \* \*

At no relevant time did the defendants, or any of them, have in their possession a lawful warrant for the interception, use, or disclosure of the private oral communications of the plaintiffs. The interception of the plaintiffs' private communications by the defendants was thereby illegal.

Elsewhere in the complaint, plaintiffs allege that defendants, acting under color of law as policemen, made several surreptitious entries into plaintiffs' hotel room without first obtaining a warrant.

Plaintiffs concede that a municipality is not a person within the meaning of the Civil Rights Act of 1871, 42 U.S.C. § 1983,[10] and thus 28 U.S.C. § 1343(3) is unavailable as a jurisdictional basis for this action. Plaintiffs also concede that under the recent Supreme Court decision of *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), this court is without pendent party jurisdiction over their state claims against the municipalities.[11] However, plaintiffs contend that the Fourteenth Amendment creates a direct cause of action against these defendants, irrespective of the implementing civil rights legislation, for violations of their Fourth Amendment rights. Hence, plaintiffs argue, this court has jurisdiction over the federal claim under 28 U.S.C. § 1331 and ancillary jurisdiction over the state claims.

█ An action "arises under the Constitution" within the meaning of 28 U.S.C. § 1331(a) when "the right of [plaintiffs] to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction

8. 28 U.S.C. § 1343 provides:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

9. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

10. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alemeda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

11. The position of plaintiffs in this suit is almost identical to that of the plaintiff in *Aldinger*. There the plaintiff recognized that a municipality is immune from suit under 42 U.S.C. § 1983 and thus there was no jurisdiction under 28 U.S.C. § 1343. But the plaintiff argued that pendent party jurisdiction existed over the municipal defendant because the State claims derived from the "common nucleus of operative fact" giving rise to the dispute between the parties to the federal claim. The Court in *Aldinger* held that federal jurisdiction did not exist observing that although judicial economy would be served by trying all claims in one proceeding, to do so under the facts presented to the Court "would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). The Court expressly reserved the issue now presented to this court of whether the Fourteenth Amendment and Section 1331 afford an independent basis of federal jurisdiction. *Id.* at 4 n. 3, 96 S.Ct. at 2415 n. 3.

and will be defeated if they are given another." *Bell v. Hood,* 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946). *See also City of Kenosha v. Bruno,* 412 U.S. 507, 514, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). Because plaintiffs here allege a violation of their federal constitutional rights and damages in excess of $10,000, federal jurisdiction exists over their Constitutional claim against the municipalities.[12]

The more critical issue is whether *Bivens* creates a federal cause of action against a municipality for money damages based on alleged deprivations of Fourth and Fourteenth Amendment rights. In *Bivens,* the plaintiff contended that agents of the Federal Bureau of Narcotics, acting without a warrant and using unreasonable force, entered his apartment and arrested him for alleged narcotics violations, manacled him in front of his wife and children, threatened to arrest his entire family, and searched his entire apartment. The district court dismissed the complaint for failure to state a cause of action and the Court of Appeals for the Second Circuit affirmed. In reversing, the Supreme Court held that federal courts exercising general federal question jurisdiction can award damages against federal agents for violation of the plaintiff's Fourth Amendment guarantees.

Plaintiffs in this action now ask this court to extend *Bivens* to suits against municipalities. This the court is unwilling to do. *Bivens* did not create a new remedy for unconstitutional activity by state or local officers because redress was already available under Section 1983.[13] Rather, *Bivens* merely filled an incomplete statutory framework by providing "otherwise unprotected victims of unconstitutional federal action the same remedy that section 1983 provides victims of similar conduct by state and local officials."[14] *See,* Monaghan, *The Supreme Court, 1974 Term—Foreword: Constitutional Common Law,* 89 Harv.L. Rev. 1, 23–24 (1975). The Court in *Bivens* was concerned with the inadequacy of available remedies for "invasion[s] of personal interests in liberty" by federal officials. The Court observed that the available state remedies of trespass and invasion of privacy "may be inconsistent or even hostile" to the interests protected by the Fourth Amendment.[15] And the exclusionary rule of *Weeks v. United States,*[16] excluding unconstitutionally obtained evidence at trial, proves unavailing to an innocent person who is never brought to trial.[17]

 In contrast with the plaintiff in *Bivens,* the plaintiffs in this case do have an effective cause of action against the employees of the municipalities for alleged violations of plaintiffs' constitutional rights under Section 1983. But Section 1983 does not permit a damage action against a municipality and this court will not allow this limitation to be circumvented by implying a cause of action against municipalities under *Bivens.* To the extent the Supreme Court created a new constitutional tort in *Bivens,* which has been characterized as a new form of federal "common law," see *Monaghan,*

**12.** Courts that have considered *Bivens* actions against municipalities have consistently held that such claims arise under the Constitution within the meaning of Section 1331. *See, e. g., Jamison v. McCurrie,* 388 F.Supp. 990 (N.D.Ill. 1975); *Perry v. Linke,* 394 F.Supp. 323 (N.D. Ohio 1974); *Smetanka v. Borough of Ambridge,* 378 F.Supp. 1366 (W.D.Pa.1974).

**13.** *See, e. g. Perry v. Linke,* 394 F.Supp. 323 (N.D.Ohio 1974); *Smetanka v. Borough of Ambridge,* 378 F.Supp. 1366 (W.D.Pa.1974); *Payne v. Mertens,* 343 F.Supp. 1355 (N.D.Cal.1972). *See also Jamison v. McCurrie,* 388 F.Supp. 990 (N.D.Ill.1975); *Perzanowski v. Salvio,* 369 F.Supp. 223 (D.Conn.1974). *Contra Redding v. Medica,* 402 F.Supp. 1260 (W.D.Pa.1975); *Williams v. Brown,* 398 F.Supp. 155 (N.D.Ill.1975).

**14.** Note, Damage Remedies Against Municipalities for Constitutional Violations, 89 Harv.L. Rev. 922, 932 (1976).

**15.** *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 394, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1970).

**16.** 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).

**17.** *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 410, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1970) (Harlan, J., concurring).

*supra*, this court will limit its application to violations of the Fourth Amendment by federal officials. Thus plaintiffs' claim against the City and County for violations of their constitutional rights will be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Consequently, plaintiffs pendent state claims against the municipality will also be dismissed. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The court appreciates the excellent assistance afforded by all counsel in the form of well written briefs and candid oral presentations.

Upon the foregoing,

IT IS ORDERED That the motion of the City of Detroit Lakes and the County of Becker to dismiss them for failure to state a claim against them upon which relief can be granted is granted, and as to such defendants the action is hereby dismissed.