**George SANDOVAL, Plaintiff,**

v.

**Officer Michael R. BROWN, Individually and as an officer of the City of Alamogordo Department of Public Safety, and the City of Alamogordo, Defendants.**

**Civ. No. 77–112–B.**

United States District Court, D. New Mexico.

June 9, 1977.

Larry R. Hill, Neumeyer & Hill, Las Cruces, N. M., for plaintiff.

Charles W. Durrett, Durrett & Conway, Alamogordo, N. M., for defendants.

## MEMORANDUM OPINION

BRATTON, District Judge.

This matter coming on for consideration upon the Motion of defendant City of Alamogordo to dismiss plaintiff's claims against it, and the Court having considered the memoranda filed together with the pleadings and the entire file in this cause, it is concluded that the Motion is well taken and will be granted.

The Complaint alleges that plaintiff was unlawfully arrested, physically abused, coerced and intimidated by a police officer of the City of Alamogordo's Department of Public Safety. Named as defendants are the individual police officer involved and the City of Alamogordo. Plaintiff seeks to assert jurisdiction over the City under the general federal question jurisdiction statute, 28 U.S.C. § 1331,[1] and would have the court imply a remedy directly from the Fourteenth Amendment for alleged violations of rights protected by that amendment. In essence, plaintiff seeks precisely the same relief against the City that would otherwise be available under 42 U.S.C. § 1983 were the City a "person" for purposes of that section.[2] The City is not amenable to suit under § 1983, of course, as it was held in *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) that "Congress did not undertake to bring municipal corporations within the ambit" of 42 U.S.C. § 1983.

A number of courts have held that municipalities may be sued for civil rights violations by implying a cause of action directly from the Fourteenth Amendment and predicating subject matter jurisdiction on § 1331.[3] These decisions are primarily

---

1. An action "arises under the Constitution" within the meaning of 28 U.S.C. § 1331(a) when "the right of [plaintiffs] to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Bell v. Hood*, 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946). In this case, plaintiff has alleged the requisite amount in controversy and that rights guaranteed to him by the Fourteenth Amendment have been violated. Accordingly, the Court has jurisdiction to consider plaintiff's claims. Despite the finding of jurisdiction under 28 U.S.C. § 1331, however, it is concluded below that the complaint fails to state a claim against the City upon which relief can be granted.

2. As noted in *Raffety v. Prince George's County*, 423 F.Supp. 1045, 1058 (D.Md.1976), if a plaintiff could obtain monetary relief against municipalities directly under the Fourteenth Amendment, an action under § 1983 would become unnecessary except where a plaintiff was unable to establish the jurisdictional amount of $10,000 required under 28 U.S.C. § 1331.

3. *Wiley v. Memphis Police Department*, 548 F.2d 1247 (6th Cir. 1977); *Reeves v. City of Jackson*, 532 F.2d 491 (5th Cir. 1976); *Calvin v. Conlisk*, 520 F.2d 1 (7th Cir. 1975); *Skehan v. Board of Trustees of Bloomsburg State College*, 501 F.2d 31 (3rd Cir. 1974); *Sanabria v. Village of Monticello*, 424 F.Supp. 402 (S.D.N.Y.1976); *Owen v. City of Independence, Mo.*, 421 F.Supp. 1110 (W.D.Mo.1976); *Sixth Camden Corp. v. Township of Evesham, County of Burlington*, 420 F.Supp. 709 (D.N.J.1976); *Behan v. City of Dover*, 419 F.Supp. 562 (D.Del.1976); *Mejia v. School City of Gary*, 415 F.Supp. 370 (N.D.Ind.1976); *Panzarella v. Boyle*, 406 F.Supp. 787 (D.R.I.1975); *Williams v. Brown*,

based on an analogy to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

In *Bivens,* it was held that a petitioner seeking damages for an allegedly unconstitutional search and arrest by federal agents had stated a cause of action arising directly under the Fourth Amendment. In holding that a remedy would be implied to protect Fourth Amendment rights against invasion by federal agents, the Court was concerned that in the absence of such an implied cause of action, petitioner would have no redress for the violation of rights guaranteed to him by the Constitution. While Congress had provided a remedy for violations of constitutional rights by state officials acting under color of state law, 42 U.S.C. § 1983, there was no federal statutory remedy against federal officials who violated constitutional rights. At that time the Federal Torts Claim Act had not been amended to reach the wrongful acts of federal law enforcement officers,[4] and the Court found remedies under state tort law to be inadequate. 403 U.S. at 394–5, 91 S.Ct. 1999. Stating that "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief," 403 U.S. at 392, 91 S.Ct. at 2002, the Court concluded that *Bivens* had stated a cause of action implied directly from the Fourth Amendment.

Most of those courts which have analogized from *Bivens, supra,* to hold that a private cause of action can be implied from the Fourteenth Amendment to provide relief against municipalities whose agents violate constitutional rights have relied upon an assumption drawn from *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). In *City of Kenosha* the Court held that jurisdiction for purposes of § 1983 did not exist over the city, but remanded to the district court for consideration of "the availability of § 1331 jurisdiction . . .." at 514, 93 S.Ct. at 2227. In a concurring opinion, Mr. Justice Brennan and Mr. Justice Marshall stated

> "If appellees can prove their allegation that at least $10,000 is in controversy, then § 1331 jurisdiction is available, *Bell v. Hood,* 327 U.S. 678 [66 S.Ct. 773, 90 L.Ed. 939] (1946); cf. *Bivens v. Six Fed. Narcotics Agents,* 403 U.S. 388 [91 S.Ct. 1999, 29 L.Ed.2d 619] (1971), and they are clearly entitled to relief." 412 U.S. at 516, 93 S.Ct. at 2228.

Mr. Justice Brennan and Mr. Justice Marshall thus indicated that causes of action for violations of civil rights may be stated against municipalities by analogy to *Bivens,* implying directly from the Fourteenth Amendment a cause of action not subject to the limitations of § 1983.

Two recent cases suggest that reliance upon *Bivens* and *City of Kenosha* in this context may be misplaced. In *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) and *Aldinger v. Howard,* 427 U.S. 1, n.2, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court indicated that it is an undecided issue whether a cause of action can be implied from the Fourteenth

398 F.Supp. 155 (N.D.Ill.1975); *Maybanks v. Ingraham,* 378 F.Supp. 913 (E.D.Pa.1974); *Dahl v. City of Palo Alto,* 372 F.Supp. 647 (N.D.Cal. 1974); *Dupree v. City of Chattanooga, Tenn.,* 362 F.Supp. 1136 (E.D.Tenn.1973); *Contra, Raffety v. Prince George's County,* 423 F.Supp. 1045 (D.Md.1976); *Livingood v. Townsend,* 422 F.Supp. 24 (D.Minn.1976); *Farnsworth v. Orem City,* 421 F.Supp. 830 (D.Utah 1976); *Pitrone v. Mercadante,* 420 F.Supp. 1384 (E.D.Pa.1976); *Gambling v. Cornish,* 412 F.Supp. 243 (N.D.Ill. 1975); *Mitchell v. Libby,* 409 F.Supp. 1098 (D.Vt.1976); *Perry v. Linke,* 394 F.Supp. 323 (N.D.Ohio 1974); *Weathers v. West Yuma County School District R–J–1,* 387 F.Supp. 552

(D.Colo.1974), aff'd 530 F.2d 1335 (10th Cir. 1976) (the Court of Appeals stated explicitly that it had not yet had occasion to reach the issue of municipal liability for civil rights violations for which money damages are sought.); *Perzanowski v. Salvio,* 369 F.Supp. 223 (D.Conn.1974); *Washington v. Brantley,* 352 F.Supp. 559 (M.D.Fla.1972); *Payne v. Mertens,* 343 F.Supp. 1355 (N.D.Cal.1972).

4. The Act was amended in 1974 to provide such a remedy. Act of March 16, 1974, Pub.L. 93–253, § 2, 88 Stat. 50, amending 28 U.S.C. § 2680(h).

Amendment which would provide remedy against entities which are not "persons" for purposes of 42 U.S.C. § 1983.[5] Accordingly, any inference as to availability of relief for alleged civil rights violations by a municipality that might have been drawn from *City of Kenosha* is not now justified, and those decisions relying upon such an inference are not persuasive.

■ Furthermore, an examination of *Bivens* suggests that it would be inappropriate to imply from the Fourteenth Amendment a remedy against municipalities based on an analogy to a court-created remedy for violations of the Fourth Amendment by federal agents. In *Bivens* the Court implied a remedy in a context where Congress had taken no affirmative action to create any remedy for such violations of constitutional rights by federal agents, and unless a remedy were implied from the Fourth Amendment, there was no redress for the injuries suffered.[6] The Court stated in *Bivens,*

"We have here no explicit congressional declaration that persons injured by a federal officer's violation of the Fourth Amendment may not recover money damages from the agents, but must instead be. remitted to another remedy, equally effective in the view of Congress."

403 U.S. at 397, 91 S.Ct. at 2005. In the present case, by contrast, plaintiff "is not without remedy absent the implication of a constitutional cause of action since he un-

questionably may seek Section 1983 relief against the individual police officers." *Pitrone v. Mercadante,* 420 F.Supp. 1384, 1389 (E.D.Pa.1976); *Gambling v. Cornish,* 412 F.Supp. 243, 244 (N.D.Ill.1975). Plaintiff here has stated a claim under § 1983 against the police officer who is alleged to have caused the violation of rights guaranteed to the plaintiff by the Constitution.

■ In further contrast to the situation in *Bivens,* where constitutional rights were violated by federal agents acting under federal law, Congress has spoken clearly on the remedies available to plaintiffs who have suffered violations of their civil rights under color of state law. 42 U.S.C. § 1983 creates a remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, laws . . .." As noted in *Perzanowski v. Salvio,* 369 F.Supp. 223, 230 (D.Conn.1974),

"Congress' unwillingness to include municipalities within the definition of the word 'person' in the Act it selected as the primary instrument to enforce the Equal Protection Clause of the fourteenth amendment [42 U.S.C. § 1983], is clearly entitled to weight in considering whether to imply a remedy against a municipality for damages arising from an alleged violation of the Due Process Clause."

**5.** In *Mt. Healthy City School District,* the Court stated: "The Board argues . . . that since Congress in § 1983 has expressly created a remedy relating to violations of constitutional rights under color of state law, one who seeks to recover for such violations is bound by the limitations contained in § 1983 whatever jurisdictional section he invokes.

"The question of whether the Board's arguments should prevail, or whether as respondent urged in oral argument, we should, by analogy to our decision in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 [91 S.Ct. 1999, 29 L.Ed.2d 619] (1971), imply a cause of action directly from the Fourteenth Amendment which would not be subject to the limitations contained in § 1983, is one which has never been decided by

this Court." 429 U.S. 274, 278, 97 S.Ct. 568, 571.

**6.** As explained in *Livingood v. Townsend,* 422 F.Supp. 24 (D.Minn.1976), in which it was held that a cause of action against a municipality would not be implied from the Fourteenth Amendment,

"*Bivens* did not create a new remedy for unconstitutional activity by state or local officers because redress was already available under Section 1983. Rather, *Bivens* merely filled an incomplete statutory framework by providing 'otherwise unprotected victims of unconstitutional federal action the same remedy that Section 1983 provides victims of similar conduct by state and local officials.'" 422 F.Supp. at 27.

As Congress has taken affirmative action to create a remedy for violations of civil rights under color of state law, it is neither necessary nor proper for a court to imply an additional remedy against entities which, the Supreme Court has held, Congress did not intend to make liable for such injury. *Accord, Raffety v. Prince George's County, supra* at 1058; *Livingood v. Townsend, supra* at 27; *Farnsworth v. Orem City, supra* at 831; *Pitrone v. Mercadante, supra* at 1388–90; *Perry v. Linke, supra* at 326; *Perzanowski v. Salvio, supra* at 229.

Yet another factor militating against the implication of a Fourteenth Amendment cause of action against municipalities is suggested in the case of *Pitrone v. Mercadante, supra:*

"[W]here the plaintiff in a conventional civil rights action is merely seeking declaratory or injunctive relief it will generally make little difference whether the named defendant is the governmental entity itself or the appropriate governmental official responsible for carrying out the challenged activity. Only where the plaintiff seeks damages does the presence or absence of the municipality in the case make any significant difference. In that situation being able to sue the municipality would usually assure the plaintiff of at least one party capable of satisfying a substantial monetary judgment should he prevail at trial. * * * But the possibility of a monetary recovery against the municipality, which is the practical basis for the plaintiff's desire to name it as a defendant, is also the very reason why Congress would not (and indeed believed it could not) include municipalities within Section 1983 and why the Supreme Court in *Monroe v. Pape* [365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)], held that Congress could not have intended the word

'person' in that statute to encompass municipalities." (footnotes and citations omitted).

420 F.Supp. at 1389–1390.

The Supreme Court's exegesis of the legislative history of the Ku Klux Klan Act of April 20, 1871, the source of 42 U.S.C. § 1983, reveals that municipalities were excluded from coverage under that section primarily because there was "serious legislative concern as to Congress' constitutional power to impose liability on political subdivisions of the States." *Moor v. County of Alameda,* 411 U.S. 693, 708, 93 S.Ct. 1785, 1795, 36 L.Ed.2d 596 (1973).[7]

While 28 U.S.C. § 1331 confers upon the federal district courts subject matter jurisdiction to consider claims said to "arise under the Constitution, laws, or treaties of the United States," it does not itself create any substantive cause of action. *Pitrone v. Mercadante, supra,* at 1388; *Perry v. Linke, supra,* at 325. Having determined that no cause of action against the City of Alamogordo may be implied directly from the Fourteenth Amendment, it is concluded that the plaintiff has failed to state a claim against the City.

An Order will be entered in accordance herewith.

---

7. The Court explained in *Moor, supra,* that, "[I]n interpreting the statute, [42 U.S.C. § 1983], it is not our task to consider whether Congress was mistaken in 1871 in its view of the limits of its power over municipalities; rather, we must construe the statute in light of the impressions under which Congress did in fact act . . . .. In this respect, it cannot be doubted that the House arrived at the firm

conclusion that Congress lacked the constitutional power to impose liability upon municipalities . . . .. To save the Act, the proposal for municipal liability was given up." 411 U.S. at 709–710, 93 S.Ct. at 1795.

A different view as to the reason municipalities were excluded is set forth in *Dahl v. City of Palo Alto,* 372 F.Supp. 647 (N.D.Cal.1974).