Johnnie JOHNSTON

v.

George C. SPRIGGS, Villa Norte Apartments, the City of Shreveport, Scott P. Sealy and J. Pollard Sealy, d/b/a Sealy & Company, and Gammer, Inc.

Tony MICIOTTO

v.

George C. SPRIGGS, Villa Norte Apartments, the City of Shreveport, Scott P. Sealy and J. Pollard Sealy, d/b/a Sealy & Company, and Gammer, Inc.

Civ. A. Nos. 770204 and 770205.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Feb. 2, 1978.

Glen H. Smith, N. Graves Thomas, Shreveport, La., for plaintiffs.

Maynard E. Cush, Shreveport, La., for defendant George C. Spriggs.

John Gallagher, Shreveport, La., for City of Shreveport.

Charles W. Salley, Lunn, Irion, Switzer, Johnson & Salley, Shreveport, La., for other defendants.

## RULING ON MOTIONS

DAWKINS, Senior District Judge.

By complaint filed February 25, 1977, Johnston and Miciotto asserted a § 1983[1] action, alleging that on August 29, 1976, at the Villa Norte Apartments in Shreveport, they were unlawfully arrested and physically abused by George C. Spriggs. At the time, Spriggs, a City policeman, provided part-time, off-duty security services for Villa Norte Apartments.

In addition to the action against Spriggs, plaintiffs seek recovery from the City of Shreveport in its capacity as Spriggs' employer. The City has filed motions to dismiss for want of jurisdiction and failure to state a claim upon which relief may be granted. Rules 12(b)(1), 12(b)(6), F.R.Civ.P. For the following reasons the motions to dismiss for failure to state a claim will be granted.

■ Without question, the City is not a "person" subject to suit under § 1983. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). But, aside from § 1983, plaintiffs rely on *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for the proposition that a right of recovery against the City should be created directly under the Fourteenth Amendment to the Constitution. Since 28 U.S.C. § 1343(3) is not available as a jurisdictional basis, this claim properly is predicated upon 28 U.S.C. § 1331(a).

■ A complaint which alleges the existence of a federal question establishes jurisdiction, notwithstanding that the claim la-

1. 42 U.S.C. § 1983.

ter may be found not to substantiate the desired relief. Dismissal for lack of jurisdiction is appropriate only where the Court decides that the federal claim is insubstantial, *i. e.*, frivolous, or where the claim clearly is foreclosed by prior decisions of the Supreme Court. *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Hilgeman v. National Insurance Company of America*, 547 F.2d 298 (5th Cir. 1977); *Weir v. Muller*, 527 F.2d 872 (5th Cir. 1976). We are unable to say at this point that a civil rights action based directly upon the Fourteenth Amendment is insubstantial. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Gagliardi v. Flint*, 564 F.2d 112 (3rd Cir. 1977). Finding that plaintiffs have asserted a claim directly under the Constitution, and since the amount in controversy exceeds $10,000, we have jurisdiction over plaintiffs' civil rights claim against the City under § 1331(a).

█ By motion to dismiss under Rule 12(b)(6), the City challenges recognition of municipal liability for deprivations of Fourteenth Amendment rights. Since the City is not subject to suit under § 1983, plaintiffs can prevail in a federal cause of action only if the Fourteenth Amendment serves as an independent source of a positive right of action against the City for damages flowing from unconstitutional police action. Plaintiffs contend that *Bivens* authorizes the affirmative constitutional remedy they assert.

In *Bivens*, the Court found a cause of action based upon the Fourth Amendment in a situation where, absent Court implementation of such relief, the plaintiff would have had no federal remedy for violation of a federal constitutional right. This anomaly resulted from the combined facts that, when *Bivens* arose, the Federal Tort Claims Act did not provide a remedy against the United States for wrongful acts of its law enforcement officers, and 42 U.S.C. § 1983 did not encompass acts done under color of *federal* law. Here, plaintiffs have available a federal remedy in 42 U.S.C. § 1983.

Concurring in *Bivens*, Justice Harlan viewed implementation of a remedy as dependent upon whether compensatory relief was necessary or appropriate to vindication of the interest asserted. 403 U.S. at 407, 91 S.Ct. 1999. Thus, existence of an effective and substantial federal statutory remedy for plaintiffs obviates the need to imply a constitutional remedy on their behalf. 403 U.S. at 407–411, 91 S.Ct. 1999. There is no indication that implementation of the damage action presently is necessary. Statutory remedies (such as § 1983) have been provided to redress violations of Fourteenth Amendment rights, and it is unlikely that the Amendment will lose its effectiveness if liability in damages is not imposed upon municipalities.

Moreover, the *Bivens* Court recognized that there was no indication of an "explicit congressional declaration that persons injured by a federal officer's violation of the Fourth Amendment may not recover money damages from the agents, but must instead be remitted to another remedy, equally effective in the view of Congress." 403 U.S. at 397, 91 S.Ct. at 2005. The present circumstances regarding municipal liability under the Fourteenth Amendment are different. In the language of the First Circuit:

" . . . [T]here has been something akin to an explicit Congressional determination that political subdivisions are not to be held liable in damages for violations of constitutional rights. Although no act of Congress expressly so states, the Court has in a series of decisions beginning in 1961 interpreted § 1983, which was originally enacted in the Civil Rights Act of 1871, as embodying an affirmative policy that federal courts should not hold municipalities liable in damages when municipal employees violate individuals' constitutional rights." *Kostka v. Hogg*, 560 F.2d 37, 42–43 (1st Cir. 1977).

See *Monroe v. Pape, supra; City of Kenosha v. Bruno, supra; Moor v. County of Alameda, supra; Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

An increasing number of Courts have refused to extend the *Bivens* rationale to Fourteenth Amendment claims against mu-

nicipalities. *E. g., Sandoval v. Brown*, 432 F.Supp. 1028 (D.N.M.1977); *Jones v. McElroy*, 429 F.Supp. 848 (E.D.Pa.1977); *Crosley v. Davis*, 426 F.Supp. 389 (E.D.Pa.1977); *Pitrone v. Mercadante*, 420 F.Supp. 1384 (E.D.Pa.1976). See *Mahone v. Waddle*, 564 F.2d 1018 (3rd Cir. 1977) (dissenting opinion). While all municipal liability is, in a sense, vicarious, numerous Courts have distinguished a governing authority's liability based solely on *respondeat superior* from situations where the acts complained of stemmed from enforcement of an unconstitutional ordinance, or a pattern or practice of unconstitutional governmental conduct. See *Kostka v. Hogg, supra; McDonald v. Illinois*, 557 F.2d 596 (7th Cir. 1977) cert. den., —— U.S. ——, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977); *Riley v. Minneapolis*, 436 F.Supp. 954 (D.Minn.1977); *Sandoval v. Brown, supra; Adekalu v. New York City*, 431 F.Supp. 812 (S.D.N.Y.1977).

We are not now required to explore the outer limits of constitutional enforcement. Even assuming the existence of an implied remedy to redress Fourteenth Amendment deprivations in some cases, plaintiffs' allegations, that the City should be responsible in money damages solely on the basis of *respondeat superior*, fail to state a federal cause of action.[2] *Kostka v. Hogg, supra; McDonald v. Illinois, supra; Riley v. Minneapolis, supra; Dunlap v. Chicago*, 435 F.Supp. 1295 (N.D.Ill.1977); *Sandoval v. Brown, supra; Adekalu v. New York City, supra; Crosley v. Davis, supra; Gresham v. Chicago*, 405 F.Supp. 410 (N.D.Ill.1975). Imposition of liability for damages upon a municipality for the constitutional wrongs of its employees, without more,[3] is out of harmony with the case law doctrine built up under § 1983 and not necessary for protection of plaintiffs' constitutional rights.

■ We note that a motion to dismiss under Rule 12(b)(6) should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. There has been no allegation that any policy, practice, or ordinance of the City precipitated Spriggs' actions. Plaintiffs seek recovery from the City only in its capacity as employer of an allegedly unconstitutional wrongdoer. Accordingly, this federal claim against the City must be dismissed for failure to state a claim upon which relief can be granted.

■ Plaintiffs seek to invoke our pendent jurisdiction, on various State law claims, against the City. Because of our holding that no independent federal cause of action has been stated against the City, it would be improper to maintain jurisdiction over that defendant for adjudication of a State law cause of action. *Aldinger v. Howard, supra.*

The City's motion to dismiss the federal and State law claims against it will be granted.

---

**2.** In *Burk v. Rudd*, No. 77–0443 (W.D.La., June 29, 1977), (order denying motion to dismiss) we declined the opportunity to dismiss the City from an action similar to the present. The *Burk* ruling was premised on our appreciation of the Fifth Circuit's liberal view of Constitution-based remedies. Notwithstanding, entry of a money judgment against the City on the basis of purely vicarious liability would be a major and unwarranted extension of the law in this Circuit. We shall recall and rescind our earlier ruling in *Burk*.

**3.** Distinctions between "direct" municipal liability and "vicarious" liability may be insubstantial. See *Crosley v. Davis, supra*, at 392–393. But in light of the authorities supporting this approach, and these plaintiffs' action against the City solely in its capacity as employer, we deem it advisable to reserve resolution of the direct municipal liability *vel non* under the Fourteenth Amendment until such time as the issue is presented in a proper case.